Duvall, &c., v. Goodson.

CASE 39—EQUITY—OCTOBER 14, 1880.

# Duvall, &c., v. Goodson.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The word "child" does not ordinarily embrace grandchild, but should be so construed where the manifest intention of the maker of the instrument would otherwise be defeated or the instrument rendered inoperative, or where other words show that the word was used in a more extended sense than that in which it is ordinarily used.

2. As used in section 11 of the charter of the Kentucky Masonic Insurance Company, which provides that, upon the death of a member intestate without widow or *child*, the fund created by the charter shall vest in the company, the word "child" embraces grandchild, as to hold otherwise would be to defeat the manifest intention of the members of the company.

3. Under the charter, the personal representative of a deceased member can never take any interest in the fund arising from the membership of the decedent.

4. The company and one of its members cannot, by any stipulation in the certificate of membership, defeat the rights of those whom the charter declares to be beneficiaries.

5. The charter gives the member a mere power of appointment in case he has neither wife or child, and, having no personal interest in the fund, it does not pass under a will disposing of all his estate, unless specifically mentioned.

6. A life policy for the benefit of the family of the person procuring it is in the nature of a will, and, as far as possible, should be so construed.

HARLAN & WILSON FOR APPELLANT.

1. The executor is not entitled to the fund. The charter of the company provides who shall be the beneficiaries of the fund upon the death of a member, and their rights cannot be affected by any action of the member, or the company, or both. (Ky. M. M. Life Ins. Co. v. Miller, 13 Bush, 489.)

2. An insurance policy is in the nature of a devise, and is governed somewhat by the same rules.

3. The surviving issue of a devisee who died before the testator, takes as the devisee or legatee would have done had he survived. (Campbell v. Rawdon, 18 N. Y., 412; Carson v. Carson, 1 Met., 302; Gen. Stat., pp. 512 and 826.)

4. Even where the testator has the right to dispose of this fund by will, it does not pass under a general devise of all his estate, but must be specifically mentioned.

Duvall, &c., v. Goodson.

5. The appellant is a child of the deceased member within the meaning of the company's charter.

LANE & HARRISON FOR APPELLANT.

1. The insured has no personal interest in the policy, and cannot transfer to any other person the interest of the person or persons named in the policy as the beneficiaries. (Bliss on Life Insurance, secs. 317 and 339.)

2. The power conferred on the insured to dispose of the fund in controversy by will was not executed, as the fund is not mentioned in the testator's will. (Gen. Stat., page 833; 4 Kent, 327; Brodish v. Gibbs, 3 Johnson's Ch'y, 551; Blodge v. Mills, 1 Story.)

3. As a policy of insurance is in the nature of a testamentary provision, and is governed by the same rule of construction, the word "child" used in section 11 of the company's charter, must be construed to embrace grandchild. (Conn. Mut. Life Ins. Co. v. Palmer, 42 Conn., 60; Ewing's heirs v. Handly, 4 Litt., 349; Marsh v. Hagan, 1 Edw. Rep., 174; sec. 1, art. 2, chap. 50, Gen. Stat.)

ELLIOTT & ATCHISON FOR APPELLEE.

1. The word "child" used in the company's charter cannot be construed to mean grandchild, and as the insured had neither wife or child, he had the right to dispose of this fund by will, which he has done. (Churchill v. Churchill, 2 Met., 469; Roper on Legacies, vol. 1, page 69; 2 Jarman on Wills, 51, 52; Phillips v. Beall, 9 Dana, 2; Yeates v. Gill, 9 B. Mon., 204; Hughes v. Hughes, 12 B. Mon., 121.)

2. The mother of the appellant dying before the insured, her interest in the policy lapsed, and her son took no interest in it. (Gore v. Stevens, &c., 1 Dana, 205-6.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

B. F. Crowfoot, at the time of his death, had a certificate of membership in the Kentucky Masonic Insurance Company.

At the time he procured the certificate he was a widower, and had only two living children, Lou May and Anna. Lou May died in the life-time of her father, unmarried, and without issue. Anna married and died, also during the life of her father, leaving the appellant, W. T. Duvall, her only child, surviving.

During the life of Anna, B. F. Crowfoot made his last will and testament, in the third clause of which he devised

his residuary estate to his executor in trust to be invested, and to pay the income to Mrs. Duvall during her life, and after her death to be disposed of as directed by the will; but no mention is made therein of the fund to arise from his membership in the insurance company. After the death of Crowfoot his executor and the guardian of the appellant both claimed the money due on account of his membership, and the company filed its petition of interpleader, and paid the money into court. On final hearing, the chancellor adjudged the fund to the executor.

From that judgment this appeal is prosecuted.

Section 10 of the charter of the company provides the manner in which a fund shall be raised which shall "be paid for the benefit of the widow and children" of deceased members, and section 11 reads as follows:

"The fund created in section 9 (section 10 was evidently intended) for the benefit of the widow and children of the deceased member shall be paid to them by said company as soon as it can be collected, or to their trustee, in the discretion of the company, subject, however, to be appropriated for their benefit equally, according to (the) will of (the) deceased member; or if he should leave no widow or child, then to be appropriated according to his will, or if he makes no will, and leaves no widow or child, it shall vest and remain in the company and be added to its capital stock, or be appropriated as they (it) may deem expedient."

Crowfoot left no widow and no child, according to the ordinary definition of the word child, and it is claimed that the contingency therefore existed in which, under the charter, he had power to dispose of the proceeds of his membership by will, and that he has done so by the clause disposing of his residuary estate.

Duvall, &c., v. Goodson.

The word child does not ordinarily embrace grandchild. (Churchill v. Churchill, 2 Met., 469; Hughes v. Hughes, 12 B. Mon., 121.)

This question has generally arisen in the construction of wills, and these cases show that there are two classes of cases which constitute exceptions to the general rule, viz:

*First.* When the will or writing would otherwise be inoperative, or manifest intention would be defeated.

*Second.* When the will or writing shows by other words that the word was not used in its ordinary and proper sense, but in a more extended sense.

This case clearly does not fall within the second exception. Does it fall within the first?

If we hold that it does not, then when a member dies intestate, and without wife or child, the proceeds of his membership is forfeited to the company, even though he may leave lineal descendants surviving. No construction should be adopted which would lead to such consequences if it can be avoided. We are not to construe the charter alone with reference to the rights of the parties interested here. Thousands not parties are as much concerned in the construction to be given to it as are these immediate parties, and as a construction upon the point involved here will bind this court and all future litigants whose rights may involve the same point, it is our duty to look beyond this case, and so to construe the language as to effectuate the intention of all those who are or may become members, and to prevent injustice to the descendants of members who may die intestate without having either wife or child surviving.

No argument is needed to prove that neither the legislature, nor those who become members of the company, intended or intend, in case of the death of a member leaving

grandchildren but no child or children, that the proceeds of his membership should be forfeited to the company. Nor does the company so construe the charter or ask the courts. to so construe it, as is shown by the fact that it does not claim the fund involved in this case.

A life policy for the benefit of the family of the person procuring, though not a testament, is in the nature of a testament, and in construing it the courts should treat it, as. far as possible, as a will, as in so doing they will more nearly approximate the intention of the persons the destination of whose bounty is involved in such cases. As said in a former case, it is not to be supposed that a father, in procuring insurance on his own life for the benefit of his family, or in keeping such a policy alive, intends to benefit himself or his. estate, and especially is that true when, by the terms of the charter of the company in which he insures, with which he must be presumed to be familiar, he cannot take insurance for the benefit of any one except his wife or children, if he have either, and cannot dispose of the insurance if he leaves. either wife or child surviving.

It is manifest from the charter that a member of the company has no personal interest in his membership, and that his personal representative as such can never take any interest in it after his death. This is shown by the provision that if the member dies without leaving wife or child, and without having made a will, it shall vest in the company. If it had been intended that the personal representative, as. such, should have the fund, that clause would have been. omitted altogether.

And that the personal representative takes no interest, is: further shown by the express declaration that the proceeds. of membership shall in no event be liable for the debts of a

Duvall, &c., v. Goodson.

·member, which could not be avoided if the personal repre-·sentative were entitled to the fund.

We therefore conclude that the charter gives the mem-·ber a mere power of appointment in case he has neither ·wife or child, and that he has no interest whatever in the fund, and, therefore, that it did not pass under a will merely ·disposing of all *his* estate, but in which no mention is made ·of the fund to arise from his membership.   (4 Kent, 327.)

·We have not overlooked ·the stipulation in the certificate ·of membership "to pay to said Crowfoot's daughters, Anna ·and Lou May Crowfoot, or his assigns, or as he may direct by will," &c.

We decided in the case of this Company v. Miller's adm'r (13 Bush, 494), that "it is not in the power of the ·company, or of the member, or of both, to alter the rights of those who by the charter are declared to be the bene-·ficiaries, except in the mode and to the extent therein indi-cated."   And we held in that case, that even if Miller and the Company had intended by the stipulation in his certifi-cate to make the proceeds of his membership payable to ·his administrators or creditors, such stipulation could not have defeated the rights of those whom the charter declares to be beneficiaries.

The judgment must therefore be reversed, and cause re-·manded with directions to render judgment in conformity to ·this opinion.