SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA *vs.* ALEX-
ANDER MORRISON *et als.*

The certificate issued by a mutual benefit corporation to one of its members, C., provided that C. during his membership could surrender the certificate and receive a new one in favor of a different beneficiary, " complying with the laws of the order on this subject;" also, that the contract was between the corporation and C., not between the corporation and the beneficiary. A by-law required, in case of a change in the beneficiary, that the consent of the beneficiary should be indorsed on the certificate, but this by-law was afterwards revoked.

C. took a certificate in favor of his wife, and, after the revocation of the by-law mentioned, surrendered the certificate without his wife's knowledge, taking another in his own favor.

*Held*, that the wife had no vested interest in the benefits under the first certificate.

*Held*, further, that the change in the beneficiary was valid; being made in accordance with the by-laws in force when the change was made.

*Held*, further, that in the circumstances a gift of the first certificate by C. to his wife was not proved.

BILL OF INTERPLEADER.

*February* 16, 1889.   STINESS, J.   In January, 1883, Patrick A. Cosgrove was a member of a branch of the complainant corporation, which is in the nature of a mutual benefit or insurance association, and received a certificate of insurance on his life, payable after his death to his wife, Elizabeth, " or to the beneficiary or beneficiaries that he may hereafter have a certificate made in favor of, on surrender of this certificate." Four years later he surrendered the certificate and took a new one in its place, by which the money was to be paid to the beneficiaries designated by his will. He died in the following June, 1887, and his wife died soon after. Each left a will, made after the change in the certificate, disposing of the fund, to which the executors of each will now lay claim. The certificates contain this stipulation : " Said Patrick A. Cosgrove shall have the right, during his membership in the order, to surrender this certificate and receive a new one, and may substitute another beneficiary or beneficiaries therein, if he so desires, by complying with the laws of the order upon this subject. And it is expressly understood that this is a contract between the Supreme Council Catholic Knights of America and Patrick A. Cosgrove alone, and not a contract between said Council and the beneficiaries herein named." Cosgrove handed the certificate to his wife, and frequently afterwards, before the change, remarked that he had given her the insurance; that he wanted to keep it up for her benefit, and that he thought it was all he would leave her. The paper was kept in her bureau drawer, and appears to have been taken for surrender without her knowledge. Shortly before his death, while both were sick, Mrs. Cosgrove stated to visitors, in her husband's presence, that he had given his insurance to her. After they had gone he said something to his wife, to which she replied : " Have you taken them without my knowledge ? They were mine ; you gave them to me." This probably had reference to the certificate, as she immediately sent for the envelope in which it had been kept and found it empty.

The by-laws of the company, when the first certificate issued, provided for a change upon a surrender of the certificate " with the consent of the beneficiary indorsed thereon ; " but before the

second issued, the by-laws were amended by omitting the consent of the beneficiary. It is claimed by the executors of the widow that as the existing by-law, when the certificate issued, prohibited any change without her consent, she took an interest in the certificate, like an interest in an ordinary life policy, which could only be extinguished with her consent. We think there is a wide difference between a certificate of this kind and an ordinary life policy, payable to a wife. In the latter the terms of the contract divest the husband of all interest or ownership in it, and vest it at once in the wife, who may keep it in force by payment of premiums. In the certificates it is stipulated that the beneficiary is not a party to the contract and may be changed ; and the insurance cannot be kept up, in case of failure to pay assessments, by one not a member of the society. The distinction is conceded in this case, and authorities cited by both sides concur in holding that no vested right passes to a designated beneficiary in such a certificate. *Holland, Guardian,* v. *Taylor,* 111 Ind. 121; *Masonic Mutual Benefit Society* v. *Burkhart,* 110 Ind. 189 ; *Splawn* v. *Chew,* 60 Texas, 532 ; *Tennessee Lodge* v. *Ladd,* 5 Lea, Tenn. 716 ; *Byrne* v. *Casey,* 8 South Western Reporter, 38.

But assuming that Mrs. Cosgrove had no vested right in the insurance, as such, is she to be regarded as having such a right as between her husband and herself from the fact that the by-laws, existing at the time of the original certificate, required her consent to change ? We think not. The contract was solely between the husband and the society. It reserved the right to change the beneficiary, if done in accordance with the by-laws of the order. The certificate bore notice of this upon its face. There was no agreement by the society, nor any promise by the husband, that the laws should not be altered. In the nature of things they were liable to be altered. The designated beneficiary, at the death of the member, thereupon becomes vested with a right to the insurance, which can be enforced, if it has not previously been taken away in conformity to the rules of the order. Thus in *Holland, Guardian,* v. *Taylor, supra,* and in *Coleman* v. *Knights of Honor,* 18 Mo. App. 189, attempts not so made were held to be futile. In this case the change was made in accordance with the laws of the order ; and if the wife had no vested interest in the benefit, we

do not see how we can say, even as between her and her husband, that he had not the right to change the beneficiary according to the terms of the certificate. The laws of the order referred to therein evidently mean the laws existing when the change is made; not those existing when the original certificate issued. The designation was not a settlement upon her, revocable only with her consent, as in a life policy; nor did it amount to an equitable assignment of the benefit, for a consideration, as in *Swift* v. *R. P. & F. C. Benefit Association*, 96 Ill. 309. In making the change the husband did not violate the terms of the certificate under which the representatives of the wife claim.

But it is further contended that, the certificate having been given and delivered by the husband to the wife, he could not repossess himself of it without her consent; and for this reason the fund, in equity, should go to her estate. Assuming the certificate to be the subject of a valid gift from a husband to his wife, which we need not decide, the question remains whether a gift was, in fact, made. Such a gift should be evidenced by convincing if not unmistakable proof, and of this we are not satisfied. The remarks of the husband, that he had given the insurance to his wife, were true when they were made, in the sense that she was then the designated beneficiary; and they do not necessarily import more than this. After he had made the change he did not so state, but privately corrected his wife when she made a statement to that effect. Neither is the possession of the certificate conclusive. Possession by the wife is presumed to be possession by the husband, when they live together, unless it appears to be a possession to the exclusion of the husband. *Barrows* v. *Keene*, 15 R. I. 484. Mr. Cosgrove had access to the certificate, and took it without asking, thus showing by his conduct that he, at least, supposed he still had control of it. We do not think a gift is proved.

It follows from these considerations that the fund must be adjudged to the executors of the will of Patrick A. Cosgrove.

*Edwin D. McGuinness & John Doran*, for complainant.

*Hugh J. Carroll & Thomas J. McParlin*, for executors of Patrick A. Cosgrove.

*James Tillinghast*, for executors of Elizabeth A. Cosgrove, wife of Patrick A.