THE MASONIC BENEVOLENT ASSOCIATION v. BUNCH et al.; ANDERSON, Executor, Appellant.

DIVISION TWO.

1. **Insurance:** INSURABLE INTEREST. What constitutes an "insurable interest" in the life of another discussed.

2. **Benevolent Association:** INSURABLE INTEREST: PLEADING. Where the charter of a benevolent association does not require the beneficiary of a certificate of membership to have an insurable interest in the life of the member, and the latter made the contract with the association, the beneficiary in an action on the certificate need not allege an insurable interest.

The Masonic Ben. Ass'n v. Bunch.

3. ———: CHARTER: CERTIFICATE. Where the member may, under the charter of the association, devise the benefits of his certificate to a stranger, it seems he may, in such case, take out a certificate payable to the stranger.

4. ———: CERTIFICATE: VESTED INTEREST. The beneficiary has no vested right in such certificate before the death of the member on whose account it was issued.

5. ———: BENEFICIARY: CHANGE OF CERTIFICATE. The right of the member to change the beneficiary without the latter's consent is not affected by the fact that such beneficiary has paid the assessments and has possession of the certificate.

6. ———: ———: ———. The change of beneficiary may be made by the member in his last will where the constitution and by-laws of the association do not prescribe a different method.

*Appeal from Hannibal Court of Common Pleas.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*F. H. Bacon* and *Anderson & Schofield* for appellant.

(1) Under the charter, constitution and by-laws of the respondent association, Lewis W. Bunch had no power to designate David W. Bunch as his beneficiary, because said David was neither the widow, orphan, heir or devisee of Lewis. The contract between an association like the one at bar and its members is to be found in its certificate, if one be issued, taken in connection with the constitution and by-laws of the society. Bacon on Benevolent Societies, sec. 161, and cases cited; *Britton v. Supreme Council,* 46 N. J. Eq. 102; 18 Atl. Rep. 457; *Lodge v. Knight,* 117 Ind. 489; *Lorcher v. Supreme Lodge,* 72 Mich. 316; 40 N. W. Rep. 545; *Lamont v. Legion of Honor,* 31 Fed. Rep. 177. (2) It is settled law that a member of a benefit society cannot designate as beneficiary one of a class

VOL. 109—36

not named in its charter, nor can the society agree to pay one of a class not embraced in such charter. *Masonic Ass'n v. Miller's Adm'r*, 13 Bush, 489; *Legion of Honor v. Perry*, 140 Mass. 580; *Aid Ass'n v. Gonser*, 43 Ohio St. 1. (3) It follows that the designation of David was void. (4) If this be so the benefit would go to the estate of the deceased, and the executor would take under the will, because the original designation being void, it is the same as if no designation had been made. *Britton v. Sup. Council*, 46 N. J. Eq. 102; 18 Atl. Rep. 675; *Keener v. Grand Lodge*, 38 Mo. App. 543. (5) Moreover, under the constitution (art. 4, sec. 3), the directors of the association have simply the power to issue a naked certificate of membership without provision as to beneficiary. If the certificate contains provisions unauthorized by the laws of the society, such provisions are void, because *ultra vires*, and no estoppel can arise because the member is supposed to know the laws. *Legion of Honor v. Perry*, 140 Mass. 580; *Ben. Ass'n v. Hoyt*, 46 Mich. 473; *Supreme Council v. Smith*, 45 N. J. Eq. 466; 17 Atl. Rep. 770; *Knights of Honor v. Nairn*, 60 Mich. 44. (6) In any way that the contract is viewed Lewis W. Bunch had under it the right to change the beneficiary at any time and at his pleasure, because under the contract he had simply the power of appointment which could be exercised freely so long as he lived, and the beneficiary had no vested interest in the benefit. *First.* The authorities agree in holding that a member of a beneficial organization has no property in the benefit to be paid, but only the right to designate a recipient. *Ben. Soc. v. Clendenin*, 44 Md. 433; *Arthur v. Ben. Ass'n*, 29 Ohio St. 557; *Ass'n v. McAuley*, 2 Mackey, 70. *Second.* This being so it follows that Lewis W. Bunch could at any time revoke his first designation and make a new appointment, for

powers are by their very nature revocable. *Supreme Council, etc., v. Franke*, 27 N. E. Rep. 86; 34 Ill. App. 651; *Supreme Conclave v. Cappella*, 41 Fed. Rep. 1; *Supreme Council v. Morrison*, 16 R. I. 468; 17 Atl. Rep. 57. *Third.* The right to change the beneficiary is not affected by the fact that the first beneficiary paid the assessments. *Fisk v. Aid Union*, 11 Atl. Rep. (Pa.) 84; *Appeal of Beatty*, 15 Atl. Rep. 861; 122 Pa. St. 428; *Byrne v. Casey*, 70 Tex. 247; 8 S. W. Rep. 38. (7) Possession of the certificate by the beneficiary makes no difference, for the status of the beneficiary is a mere expectancy and not property, nor has the beneficiary any vested interest. *Brown v. Grand Lodge*, 80 Iowa, 287; 45 N. W. Rep. 884; *Masonic Society v. Burkhart*, 110 Ind. 189; *Richmond v. Johnson*, 28 Minn. 447; *Splawn v. Chew*, 60 Tex. 534. The certificate being to Lewis, "his executors, administrators or assigns," he could devise or assign it, because the contract, by its terms, recognizes such a right. *Hamilton v. McQuillan*, 82 Me. 204; *Stoelker v. Thornton*, 88 Ala. 241. (8) Lewis W. Bunch, having the right to change the designation of beneficiary and control the disposition of the benefit, did, by his last will, effectually change the beneficiary, divest David W. Bunch and his heirs of all rights (except the lien for assessments paid), and vested the title to the money in his executor, R. E. Anderson. *First.* Ordinarily policies of life insurance are assignable informally, and any act carrying out the intention of the insured and communicated to the insurer is sufficient in equity. *Marcus v. Ins. Co.*, 68 N. Y. 625; *Brown v. Grand Lodge*, 80 Iowa, 287; *Schmidt v. I. K. P. Ass'n*, 82 Iowa, 304. Notice to the insurer is not necessary unless required by the terms of the contract. May on Insurance, secs. 388, 396. *Second.* It has been held that, even where the rules of the society

require the change of beneficiary to be made in compliance with certain formalities, a change made in a different manner is effectual, the society not objecting. *Manning v. A. O. U. W.*, 5 S. W. Rep. (Ky.) 385; *Splawn v. Chew*, 60 Tex. 532; *Knights of Honor v. Watson*, 64 N. H. 517.   (9)   At the time of the issue of the certificate in question David W. Bunch had no insurable interest in the life of Lewis W. Bunch, and, even taking the certificate as a policy of life insurance, the designation is illegal as against public policy. Morever, the certificate recites that the money is only payable to David on proof of interest.   David had not in his character of brother an insurable interest in the life of David.   "At common law the insurable interest in the life of another person must be a direct and definite pecuniary interest, and a person has not such an interest in the life of his wife or child, merely in the character of husband or parent."   *Ins. Co. v. Brant*, 47 Mo. 424; *Gambs v. Ins. Co.*, 50 Mo. 47; *Chisholm v. Ins. Co.*, 52 Mo. 213.   (10)   Policies of life insurance cannot be assigned to one not having an insurable interest, because this would allow parties to obtain indirectly what is forbidden them to get directly. *Cammack v. Lewis*, 15 Wall. 643; *Warnock v. Davis*, 104 U. S. 775; *Ins. Co. v. Hazzard,* 41 Ind. 116. (11)   If David had no insurable interest in the life of Lewis W. Bunch, and the designation of him as beneficiary was void, the fund, less the amount of assessments paid, goes to the personal representatives, the executor of Lewis.   *Rice v. Society*, 15 N. E. Rep. (Mass.) 624; *Rindge v. Society*, 146 Mass. 286; *Flynn v. Ben. Ass'n*, 25 N. E. Rep. (Mass.) 716; *Tateum v. Ross*, 150 Mass. 440.

*Harrison & Mahan* and *Horace D. Clark* for respondent.

(1) It is conceded that in benefit societies the contract is in the certificate in connection with the constitution and by-laws. However, in the case at bar, a by-law seems to restrict the contract to the certificate. David W. Bunch, being a brother, was one of a class named in the charter, and, hence, Lewis W. Bunch had full authority to designate him as beneficiary. David was an "heir" of Lewis. *Elsey v. Relief Ass'n*, 142 Mass. 224; *Lamont v. Legion of Honor*, 31 Fed. Rep. 177. Hence, when Lewis W. Bunch named David W. Bunch as beneficiary in the certificate dated March 19, 1879, it was both as "heir" and "devisee," and clearly within the terms of section 1, article 2, of plaintiff's constitution. (2) The appellant cannot raise this objection. *McFarland v. Creath*, 35 Mo. App. 124. Appellant Anderson does not claim the fund under the certificate on which it was deposited in court, but under certificate dated February 19, 1879. The fund was deposited in court on certificate dated March 19, 1879, and in doing so the association expressed a willingness that it should go to the beneficiaries named in the certificate. Under the pleadings there is no one to object but the association, and it consents. *Knights of Honor v. Watson*, 15 Atl. Rep. 125; *Brown v. Mansur*, 64 N. H. 39. (3) The right to change the contract by mutual consent is not derived from the charter and by-laws, and when the contract, charter and by-laws are silent the right to so change exists. The mutual cancellation of the certificate, dated February 19, 1879, in March, 1879; and the issuance of the certificate dated March 19, 1879, was a lawful exercise of power. Appellant has no right to the fund in court under and by virtue of the canceled certificate of February 19, 1879. *Benefit Society v. Burkhart*, 11 N. E. Rep. 449. (4) While Lewis W. Bunch never attempted to change the beneficiary in the certificate of membership under consideration and upon

which the money was deposited; and while appellant, R. E. Anderson, in his pleadings only claims by will under the canceled certificate of February 19, 1879, as a matter of law Lewis W. Bunch did not have the right to change the beneficiary in the certificate of membership, dated March 19, 1879, by will. *Block v. Mut. Ass'n*, 52 Ark. 201; *Van Bibber v. Van Bibber*, 82 Ky. 347; *Weisert v. Muehl*, 81 Ky. 336; *Holland v. Taylor*, 12 N. E. Rep. 116; *Mut. Ben. Ass'n v. Burkhart*, 10 N. E. Rep. 81; *Kentucky Co. v. Miller's Adm'r*, 13 Bush, 494; *Duvall v. Goodson*, 79 Ky. 229; *Mulroy v. Knights of Honor*, 28 Mo. App. 471. (5) The question of "insurable interest" is not involved in this case. In the certificate of membership David W. Bunch was the "heir" and "devisee" of Lewis W. Bunch, and, therefore, clearly within the class named in the constitution or charter of the association. *Freeman v. Ben. Society*, 42 Hun, 252. (6) The insured himself made the contract with the insurer, and for this reason alone "insurable interest" is not involved. May on Insurance, 112; Coke on Life Insurance, p. 94, sec. 60; *Vivar v. Knights of Pythias*, 20 Atl. Rep. 41; *Campbell v. Ins. Co.*, 98 Mass. 381; *Olmstead v. Keyes*, 85 N. Y. 593, 599; *Scott v. Dickson*, 108 Pa. St. 6. (7) Appellant Anderson did not in his interplea set up that the certificate is a "wagering contract." He did not make it an issue in the case. The trial court did not pass on it. It was not made grounds for rehearing in his motion for new trial; nor is it presented as grounds for reversal in his "assignment of errors." The court will not consider the objection because it is raised for the first time in this court. *Claflin v. Sylvester*, 99 Mo. 283; *Mfg. Co. v. Mfg. Co.*, 100 Mo. 325; *Nall v. Railroad*, 97 Mo. 75; *Atkison v. Dixon*, 96 Mo. 582. (8) Respondent's interplea and the evidence shows that they are the family of deceased, David W. Bunch,

and that they are all of lawful age. They are entitled
to the fund named in the certificate of membership
dated March 19, 1879. It does not go to the estate of
David W. Bunch or to his administrator. The suit
was properly brought by respondents in their names.
They are the real parties in interest. *Fenn v. Lewis*, 81
Mo. 259. By the direct terms of the certificate, the
fund is payable to respondents upon the death of David
W. Bunch. *Aid Society v. Lewis*, 9 Mo. App. 416;
*McComas v. Ins. Co.*, 56 Mo. 573. (9) As the con-
tract of insurance was made for the benefit of respond-
ents, they can sue upon it in their own names, although
not privy to it. *Barbaro v. Occidental Grove*, 4 Mo.
App. 433; *Rogers v. Gosnell*, 51 Mo. 469; *Chouteau v.
Boughton*, 100 Mo. 411.

GANTT, P. J.—The controversy in this case is
between the respondents, Catherine Bunch *et al.*, as
heirs of David Bunch, the beneficiary named in a
certificate of life insurance issued by plaintiff associa-
tion to one Lewis W. Bunch, on the one side, and
R. E. Anderson, executor of said Lewis W. Bunch, on
the other. The latter has appealed from a decree of
the Hannibal court of common pleas, awarding to
Catherine Bunch *et al.* the fund of $3,880 paid in to
the court by the association in accordance with an
interlocutory order upon its bill of interpleader exhib-
ited against all of the respondents and the appellant.
This fund was claimed by Catherine Bunch *et al.*, as
heirs of David W. Bunch, the original beneficiary
named in the certificate, and also by Anderson, executor
of Lewis W. Bunch, the member whose life plaintiff
association insured. The claim of Anderson, executor,
is that by the last will of said Lewis the original
designation of beneficiary was revoked, and the insur-
ance was directed to be paid to the executor in trust

for certain purposes, and, further, that the original designation of David Bunch as beneficiary was invalid, because, at the time of effecting the insurance, David had no insurable interest in the life of Lewis, and paid the premium and entered into the contract as a speculation, making it a gambling transaction.

The facts are as follows:    The plaintiff association is a beneficiary society, organized under the laws of Illinois, as a charitable corporation for insuring the lives of members of the Masonic fraternity upon the assessment plan.    The object of the association, as stated in section 1, article 2, of this constitution, is as follows:    "The object and intention of this association is to give financial aid to the widows, orphans, heirs and devisees of deceased members, and for no other purposes whatever."    The requisites for membership are that the applicant be a Mason, under sixty years of age, and of sound physical health.

The provisions as to certificate are two, and as follows:    Section 3, article 4, of the constitution:    "If the applicant for membership is accepted as a member of the association, the board of directors shall cause to be issued to him a certificate of membership, signed by the president and secretary of the association, with the seal thereof impressed thereon."

Section 1, article 5, of the by-laws:    "The board of directors shall furnish each member of the association with a certificate of membership, signed by the president and attested by the secretary with the seal of the association, which shall contain the agreement on the part of the association and the member.    And no person shall be entitled to the benefits of this association until such certificate is issued."

The constitution, section 1, article 4, has this provision as to payment of benefits, viz.:    "Upon the death of a member of the association, the directors

shall pay to the heirs or legal representatives of the deceased member of the association $5,000, or a sum equal to $1 for each member of the association, less the necessary expense of collecting the same, not to exceed ten per cent. All surplus of assessment shall be placed in the surplus fund."

There are no provisions in either constitution or by-laws as to change of designation of beneficiary or issue of new certificates.

In February, 1879, one Lewis W. Bunch, then nearly sixty years old, frail in physique, suggested to his brother, David W. Bunch, that it would be a good thing for David and his family to take out some life insurance on his (Lewis') life payable to him (David). David assented and agreed to pay the cost of such insurance, and the premiums or assessments, provided Lewis would apply for the insurance. This clearly appears from the evidence. At that time Lewis was poor and without money. Lewis owed nothing to David and had resided with his sister, Mrs. Peyton, since 1855; Frank testifies that his uncle never lived anywhere else, and, in fact, died at Mrs. Peyton's house.

Accordingly, an application was made to the plaintiff association for membership, and, on February 19, 1879, a certificate was issued to Lewis W. Bunch, payable to his "heirs-at-law or legal representatives," which certificate was delivered to David W. Bunch. A few days later, being uneasy about his rights and wanting to have "everything in black and white," David caused this certificate which had been assigned to him to be surrendered to the association, and a new one issued payable to "David W. Bunch, his brother, or legal representatives of said David W. Bunch on proof of interest." This certificate was taken possession of by David, and is as follows:

"Masonic Benevolent Association of Central Illi-nois. Class 4, Number 2175—60—$1.80.

"This certificate of membership witnesseth: That the Masonic Benevolent Association of Central Illinois, in consideration of the representations made to it in the application for membership, and the sum of $6 to it in hand paid by the said Lewis W. Bunch, of Hannibal, Missouri, and the sum of $1.80 to be paid within ten days after due notice has been served upon him of the death of a member of this association, do promise and agree to and with the said Lewis W. Bunch, his heirs, executors, administrators and assigns, well and truly to pay, or cause to be paid, to Mr. David W. Bunch, his brother, or legal representatives of said David W. Bunch, within thirty days after due notice and satisfactory evidence of the death of the said Lewis W. Bunch, and proof of interest, shall be received at the office of this society, the amount of $5,000 or $1 for each member of the association, at the time of his death, less the necessary expenses of collecting the same, not exceeding ten per cent.

"It is understood and agreed that, if the said Lewis W. Bunch shall not pay the assessment herein-before named on or before the time mentioned for the payment thereof, or in case he shall, without the consent of this association previously obtained in writing engage in any military or naval service whatsoever, in time of war or rebellion, then this certificate shall be null and void and of no effect.

"In witness whereof, the said Masonic Benevolent Association of Central Illinois has caused its corporate seal to be hereunto affixed, and these presents to be signed by their president and secretary, at Mattoon, Illinois, this nineteenth day of March, 1878.

"[Seal]                              J. H. CLARK,
"J. S. ANDERSON,                          President.
     "Secretary."

Notices of assessments, or premiums, were made out from time to time by the association, directed to Lewis W. Bunch, and were sent to the agent of the association at Hannibal to be delivered, but David Bunch, or his son, Frank, called on the agent, and paid them until about the middle of 1887. In fact, Frank, the nephew, seems to be the one who always paid. The total amount paid by Frank or David, in assessments, during the life of the certificate, was $549.49. David W. Bunch died in May, 1883.

In July, 1887, David W. Bunch being dead, Lewis became desirous of changing the beneficiary, and made efforts to obtain possession of the certificate. Frank Bunch, who seems to have had the certificate, refused to give it up, and Lewis thereafter made effort to pay all, and did pay many, of the assessments, himself. It seems to have been a struggle between Frank and his uncle as to who should pay the calls, and the agent was on Frank's side.

After the demand upon Frank Bunch for the certificate, Lewis kept on deposit with the secretary of the association sufficient money to pay all assessments. In fact, the association collected some assessments twice, once from Lewis and once from his nephew, Frank. After exhausting all methods of getting the certificate and so notifying the secretary of the association, Lewis W. Bunch made his will, dated July 29, 1887, which was duly probated, one clause of which is as follows:

"Item 3. Whereas a certificate or policy of life insurance was on the nineteenth day of February, A. D. 1879, issued by the Masonic Benevolent Association of Central Illinois, and numbered 2175, on my life, the benefits of which said insurance were by the terms of said certificate made payable to my brother, David W. Bunch, and his heirs, and whereas the said certificate or policy was so made under the impression

that my said brother being younger than I and in comparative good health would survive me, and with the agreement and distinct understanding between my said brother and myself that he would advance me such sum or sums of money as I might need to support me from time to time during my life, pay the assessments on said policy, and at my death, from the proceeds of said insurance, pay my sister, Nancy D. Peyton, the sum of $2,500, and retain the balance to reimburse him for moneys so advanced me during my life by him, and whereas my said brother departed this life on the first day of May, 1884, since which time my sisters, Nancy D. Peyton and Amanda J. Peyton, have taken care of me, and whereas at his death the heirs of my said brother obtained possession of said policy of insurance and have signified their intention not to recognize the trust imposed by me and assumed by my said brother, and have refused, after repeated requests, to produce said certificate and permit the same to be so changed as to show the said trust and fully carry out my intention in procuring said policy to be issued.    Therefore, I have determined to change the beneficiaries in said certificate, and, under said policy, I do hereby declare, appoint and constitute my friend and brother, Rufus E. Anderson, of the city of Hannibal, Missouri, as beneficiary in said certificate or policy number 2175, in trust, to collect from said Masonic Benevolent Association of Central Illinois all proceeds and benefits arising under and due from said policy at my death, and to make distribution thereof as herein devised, to-wit:

"*First.*    He shall refund and pay to the heirs of my brother, David W. Bunch, all moneys paid by said David during his lifetime, and by his heirs or any of them since his death, as assessments on said policy, which said sums since the death of my said brother I have been willing to pay, but have been prevented

from so doing by the interference and action of one Frank Bunch, one of the heirs of my said brother, who, having obtained possession of said policy by some arrangement with the agent, has prevented my receiving notice of said assessments, if any, and expressed his determination to hold said policy and divert the proceeds thereof from their proper application.

" Second. He shall pay to my sister, Nancy D. Peyton, her heirs and assigns the sum of $2,500.

" Third. The balance, after costs and expenses of executing this trust are paid, he shall pay to my sister, Amanda J. Peyton, her heirs or assigns."

Lewis W. Bunch died February 9, 1888, due proofs were made of his death, and the association paid into court the money due under the contract.

Upon hearing the evidence the court entered a decree in favor of the heirs of David W. Bunch, viz., respondents, Catherine Bunch et al., awarding the fund to them. The court in its finding excluded the evidence of Catherine Bunch and Frank Bunch, which it had allowed to be given, because an executor was a party, and, as a matter of law, declared that there could be no revocation of the designated beneficiary without a tender of all premiums and interest. The executor of Lewis Bunch, R. E. Anderson, after unsuccessfully moving for a new trial, and in arrest appealed to this court.

The errors of the court below complained of are: " First. In not sustaining the objection of Anderson, executor, to the admission of any evidence under the interplea of Catherine Bunch et al.

" Second. In awarding the fund to Catherine Bunch et al., instead of awarding it to R. E. Anderson, executor, less the amount paid in as assessments on the certificate by David W. Bunch and those claiming under him.

"*Third.* In not sustaining the motions for new trial and in arrest made by R. E. Anderson, executor."

The plaintiff in this case is a corporation organized under chapter 32, section 31, of Revised Statutes of Illinois, 1874, which provides, among other things, that "associations and societies which are intended to benefit the widows, orphans, heirs and devisees of deceased members thereof, and where no annual dues or premiums are required, and where the members shall receive no money as profits or otherwise, shall not be deemed insurance companies." In accepting its charter under this law it declared its object and intention was to give financial aid to the widows, orphans, heirs and devisees of deceased members, and for no other purpose whatever. Art. 2, sec. 1.

It further provided in article 6 of its constitution that, upon death of a member, its directors should pay to the heirs or legal representatives of the deceased member $5,000, or a sum equal to $1 for each member of the association, less expense of collecting the same. Unlike the charters of many similar societies that have been construed by the courts no provision is made in the charter as to the designation of a beneficiary or a change thereof.

By section 3, article 4, the directors are required to furnish each member with a certificate of membership.

By section 1, article 5, of the by-laws it is provided that this certificate shall contain the agreement between the association and the member.

In the interplea of the appellant Anderson it is distinctly charged that, at the time of the issuance of the certificate of March 19, 1879, numbered 2175, to David W. Bunch, said David was not an affiliated Master Mason, and that the promise in said certificate to pay the benefits therein provided for was and is

against the purpose and scheme ·of said association, contrary to and in conflict with said constitution, beyond its power, inoperative and void.

The respondents, in their interplea or amended answer, nowhere alleged any insurable interest of David in the life of his brother, Lewis W. Bunch. The allegation of relationship is that Lewis W. Bunch was a bachelor, residing at Hannibal, and David Bunch, his brother, was a married man, and the husband of defendant, Catherine Bunch, and father of her codefendants. It is then alleged that Lewis sold and assigned the certificate to David Bunch, and a new certificate was issued to Lewis, payable to David or his legal representatives, and that David and his heirs have paid all the assessments.

On the trial the interpleader Anderson objected to the introduction of any evidence on the interplea of Catherine Bunch *et al.*, because said interplea did not state facts sufficient to constitute a cause of action in them, nor any right, claim or title to the fund therein ·claimed. Which objection the court overruled, and ·appellant Anderson duly excepted.

In *Singleton v. Ins. Co.*, 66 Mo. 63, this court held that the plaintiff must *aver* and *prove* an insurable or pecuniary interest in the life of the person assured. In answer to the contention of counsel that the burden was upon defendant to show that plaintiff had no such interest, Judge HENRY distinguished the case from those cases, holding that, when the contract was good at common law without being reduced to writing, the statute of frauds was a matter of defense, saying: "The case here is of a contract *void at common law, upon its face*, and of course it devolves upon plaintiff to show such facts as render it valid and binding." This case was cited and approved in *Whitmore v. Supreme Lodge*,

100 Mo. 36; *Aid Ass'n v. Gonser*, 43 Ohio St. 1; *Burton v. Ins. Co.*, 110 Ind. 207; *Ins. Co. v. Hogan*, 80 Ill. 35–39.

Now, the only allegation in the interplea of Catherine Bunch *et al.*, from which we can infer David had an insurable interest at the time that Lewis became a member of the society, is that he was a brother of David. The courts have been liberal in the construction of insurable interest of relatives.

In *Warnock v. Davis*, 104 U. S. 779, the supreme court of the United States said: "The natural affection in cases of this kind is considered as more powerful as operating more efficaciously to protect the life of the assured than any other consideration. But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured. Otherwise the contract is a mere wager, by which the party taking the policy is directly interested in the early death of the assured." That court held that a sister from the mere relationship had an insurable interest in the life of her brother. *Ins. Co. v. France*, 94 U. S. 561; *Lord v. Dall*, 12 Mass. 115.

But it was held by the supreme court of Connecticut, *Lewis v. Ins. Co.*, 39 Conn. 100, that a brother had no insurable interest, simply as such, in the life of a brother.

It has not been easy for the courts to define with exactness what is meant by the term "insurable interest," but wherever the point has been raised it has quite uniformly been held, that in all cases of insurance by one person upon the life of another some pecuniary interest or advantage to be derived from the life insured by the person procuring the insurance must exist in order to relieve the contract from the stigma of being

a wager policy and against public policy. So that were the plaintiff in this case an ordinary life insurance company, and the right to the benefits to be determined by the rules governing life insurance, we would have little hesitation in saying that the averments in the interplea of Catherine Bunch *et al.* are insufficient to show an insurable interest in the life of Lewis Bunch.

But will this rule apply to these benevolent associations? By the statute authorizing their creation, they are declared not to be insurance companies. The courts have not agreed how far the principles governing life insurance generally should be applied. The supreme court of Michigan in *Mut. Ben. Ass'n v. Hoyt*, 46 Mich. 473, held that a contract by the association "to pay Enos Hoyt, *friend of Isaiah Phair*, of Jackson," was on its face a mere wager policy, and contrary to public policy; and that the defense was that of the public and not of the defendant, as the defendant, having received the premiums, "was in no position to interpose such a defense." The effect of this decision would be to deny the member the right to designate a beneficiary who has no insurable interest in his life.

On the contrary the supreme court of Illinois in *Ben. Ass'n v. Blue*, 120 Ill. 121, held "that as a member might, *under the charter in that case*, devise the benefits of his policy to a stranger, so he might, in the first instance, take out a policy payable to a stranger." It is only when the right of appointment of a beneficiary is unrestricted that the question of insurable interest can arise; when this is so, as the member is *prima facie* the insurer, and free to choose whom he pleases as the recipient of his bounty, he can designate whom he pleases. *Freeman v. Ben. Society*, 42 Hun, 252; *Olmsted v. Keyes*, 85 N. Y. 593.

But it seems clear on principle and authority, that when the charter limits the beneficiaries to certain classes, the member has no power to designate some one not coming within those classes. *Knights of Honor v. Nairn*, 60 Mich. 44; *Legion of Honor v. Perry*, 140 Mass. 580; *Daniels v. Pratt*, 143 Mass. 216; *Duvall v. Goodson*, 79 Ky. 224; *Aid Ass'n v. Gonser*, 43 Ohio St. 1; *State v. Relief Ass'n*, 29 Ohio St. 399.

The constitution of plaintiff does not, in terms, provide for the designation of a beneficiary at all. It simply provides for a certificate of membership. David was neither an heir or legal representative of Lewis, nor widow or orphan; but construing the whole constitution together it would have been within the purpose and intention of the corporation, if Lewis was a *bona fide* member of it, to have permitted him to designate David and his heirs as his devisees. The word devisee here evidently has the same signification as legatee. Hoffman's Chancery (N. Y.) 212. This corporation was chartered by the state of Illinois. All persons contracting with it were bound to know the law of its existence.

The supreme court in that state in *Ben. Ass'n v. Blue*, 120 Ill. 121, as we have seen, construed the charter as not only authorizing the member to name a devisee other than one of his heirs, but went further and decided that as he might so devise it to a stranger, so he might take out the certificate in the first instance payable to one who had no insurable interest in his life.

This contract then was *prima facie* lawful in the state where plaintiff was organized, and where the certificate was issued. This view is also in harmony with the decisions in life insurance cases proper, which hold that the doctrine of insurable interest has this limitation that, when the insured himself makes the contract with the insurer, he may select as beneficiary

one having no insurable interest. Cook on 'Life Insurance, sec. 60, note 1, and cases there cited. Logically then it must follow that as an insurable interest is not necessary to entitle a beneficiary to the fund under the charter, that allegation would not be necessary here, and the objection was properly overruled.

Conceding then that Lewis Bunch might lawfully designate David and his heirs his beneficiaries, what were their rights as regarded this benefit from and after its issue?

All the authorities agree that the right of the members of benefit societies in the sums agreed to be paid at death is simply the power to appoint the beneficiary, and that the constitution or charter and the by-laws are the foundation and source of such power. *Van Bibber v. Van Bibber*, 82 Ky. 347; *Duvall v. Goodson, supra; Arthur v. Ben. Ass'n*, 29 Ohio St. 557; *Ben. Society v. Clendenin*, 44 Md. 433; Bacon's Benevolent Societies, sec. 237. And it is equally well settled that the beneficiary acquires no vested interest, nor has he any property in the certificate. He has simply an expectancy which may be divested by the member by changing the beneficiary. *Fisk v. Aid Union*, 11 Atl. Rep. 84; *Beatty's Appeal*, 122 Pa. St. 428; s. c., 15 Atl. Rep. 861; *Byrne v. Casey*, 70 Tex. 247; *Brown v. Grand Lodge*, 80 Iowa, 287; s. c., 45 N. N. Rep. 885; *Hirschl v. Clark*, 47 N. W. Rep. 78; *Barton v. Relief Ass'n*, 63 N. H. 535; *Supreme Council v. Franke*, 27 N. E. Rep. 86; *Sup. Conclave v. Cappella*, 41 Fed. Rep. 1; *Supreme Council v. Morrison*, 16 R. I. 468; 17 Atl. Rep. 57.

Nor is the right to change the benefit affected by the fact that the first beneficiary paid the assessments. *Byrne v. Casey, supra; Fisk v. Aid Union, supra.*

Nor does the possession of the certificate by the beneficiary deprive the member of the right to make

the change. *Ben. Society v. Burkhart*, 110 Ind. 189; *Richmond v. Johnson*, 28 Minn. 447; *Splawn v. Chew*, 60 Tex. 534. In this respect there is a marked distinction between an ordinary policy of life insurance and a certificate of membership in a benevolent society. In the former, the beneficiary's interest is a vested right immediately upon the issuing of the policy, whereas in a benevolent society like plaintiff the beneficiary has no vested right in the certificate before the death of the member on whose account it was issued, and the member may change the beneficiary without the consent of the beneficiary. *Holland v. Taylor*, 111 Ind. 125.

This right of change has generally been held analogous to a testamentary disposition of the benefit. It, like a will, is revocable at any time during the life of the testator. *Union Ass'n v. Montgomery*, 70 Mich. 587; 38 N. W. Rep. 588; *Chartrand v. Brace*, 26 Pac. Rep. 152; *Duvall v. Goodson, supra; Thomas v. Leake*, 67 Tex. 469; *Am. Ass'n v. Kirgin*, 28 Mo. App. 80.

It was only by holding that Lewis could have made David his devisee that we could sustain the legality of the original designation of David as a beneficiary. The same reasoning will sustain the right of Lewis to change his will and name a different devisee or legatee at any time before his death. And, according to the authorities above cited, neither was this right affected by the fact that Mrs. Catherine Bunch and Frank Bunch refused to permit him to have the certificate upon his demand. If they, with the possession of the certificate, had no such right therein as would defeat the right of Lewis Bunch to change the beneficiary, after he demanded it, their possession was wrongful and they will not be allowed to profit by their own wrong.

As we have already seen neither the constitution or by-laws of plaintiff prescribed any formalities whatever for a change of beneficiary. In the absence of such, any clear, definite designation of a different beneficiary will suffice. So we think that the designation of a trustee by his last will formally executed and duly probated wrought an effectual change, particularly as he was authorized by the charter to give it to his devisees. *Ben. Ass'n v. Blue*, 120 Ill. 121; *Raub v. Relief Ass'n*, 3 Mackey, 68; *Weil v. Trafford*, 3 Tenn. Ch. 108; *Greeno v. Greeno*, 23 Hun, 478; *Isgrigg v. Schooley*, 125 Ind. 94; *Luhrs v. Luhrs*, 123 N. Y. 367.

By his will he made a provision for a return of the premiums to David's heirs. This equity would have compelled any way. It follows that in our opinion the circuit court erred in awarding the fund in dispute to respondents, the widow and children of David W. Bunch.

All the facts are in the record. The disposition of this money is the sole issue.

The judgment is reversed with directions to render a decree awarding the said fund to appellant, Rufus E. Anderson, after deducting all moneys, advanced by David W. Bunch in his lifetime to pay said initiation fees and assessments, and all amounts paid by Frank Bunch, with interest thereon at six per cent. from the date of the several payments. Said Anderson to be required to pay over the balance to the sisters of said Lewis Bunch as directed by said will. The costs of the case to be paid out of the fund in court. All of this division concur.