SUPREME COURT, INDEPENDENT ORDER OF FORESTERS
v. FRISE.

1. EQUITY—MAXIMS—INSURANCE.

The court of equity will regard as done that which ought to be done.

2. INSURANCE—CHANGE OF BENEFICIARY—EQUITY—INTERPLEADER.

If the insured has pursued the course pointed out to him by the laws of a beneficial association of which he was a member, and has done everything within his power to change the beneficiary, but dies before a new certificate has been issued, equity will decree that to be done which ought to be done, and treat the policy as if it had been issued in accordance with the attempted change, and although his application was in the mails when he died and formal ministerial action on the part of the officials of the order had not been completed so as to change the beneficiary before the death of the policy holder, the court will protect the interest of the new beneficiary in an interpleader suit.[1]

Appeal from Wayne; Mandell, J. Submitted October 8, 1914. (Docket No. 15.) Decided December 18, 1914.

Bill by Supreme Court of the Independent Order of Foresters against Olivia Frise and others for a decree of interpleader. From a decree for the defendant named, Paulina V. Frise and Albert H. Frise, administrator of the estate of Olivia Frise, deceased, appeal. Affirmed.

*James H. Bayne*, for appellant Paulina V. Frise.

*Fritz L. Radford*, for cross-appellant Albert H. Frise, administrator of Olivia Frise.

[1] Upon the effect of the death of assured before contemplated change of beneficiary is complete, see notes in 34 L. R. A. (N. S.) 277 and 1915A, 580.

BROOKE, J.   One William E. Frise, the insured, had been a holder of a policy for $2,000 in the complainant order for some 16 years prior to his death.   At the time said policy was issued, the beneficiary named therein was his daughter, the defendant Paulina V. Frise.   Some time prior to April 3, 1913, the insured fell ill.   On the afternoon of that day, his condition becoming critical, he caused to be prepared and duly executed an application for a change of beneficiary. By the terms of this application the beneficiaries were changed so that the defendant Olivia Frise, the mother of the insured, was to receive $1,000; Paulina V. Frise, his daughter and former beneficiary, $950, and Adelina Frise, his wife, $50.   The entire sum payable under the policy being claimed by the defendant Paulina V. Frise, that portion of the fund payable under the new designation of beneficiaries to Olivia Frise being claimed by her, and Adelina Frise having assigned her interest under said policy to Paulina V. Frise, the complainant filed its bill of interpleader, paying the sum due under said policy into court.   The contest arises over the right of Olivia Frise to that portion of the fund which she would take under the new designation.

The rules of the complainant order pertinent to the question involved follow:

"150.   (1) Subject to the provisions of this section and of sections four, subsection five, and one hundred sixty, and if not repugnant to the laws of the province, State or country in which the member has a fixed place of abode, a member may at any time while in good standing, except as hereinafter provided, change his beneficiary or beneficiaries in the following manner:

"(*a*) By filing with his court his application for change of beneficiary on form No. 14, fully filled in, signed by himself and properly executed, setting forth fully and clearly the changes he desires to make; provided that a designation of a beneficiary not in con-

formity with section four, subsection five, shall be null and void from the beginning;

"(*b*) By paying to the financial secretary a fee of fifty cents for changing the record on the books of the Supreme Court and changing the policy or benefit certificate.

"(*c*) By surrendering to the court his policy or benefit certificate.

"(2) Whereupon the court shall cause such application, duly certified to by the chief ranger and recording secretary, with the seal of the court affixed, to be transmitted to the supreme secretary, together with the member's policy or benefit certificate.

"(3) On receipt of the said policy or benefit certificate, together with the application for change of beneficiary, form No. 14, as in this section provided, if approved by the supreme chief ranger or by the executive council, the supreme secretary shall incorporate in the policy or benefit certificate the changes desired, subject to the provisions of section four, subsection five, and section one hundred and sixty."

Section 4, subsection 5, is as follows:

"(5) The insurance or mortuary benefit of a member shall be paid to the member himself, or to the wife or husband of, or to the affianced wife of, or to the affianced husband of, or to the children of, or to the blood relations of, or to persons dependent upon such member, who may have been designated, as provided in the constitution and laws, by name as the beneficiary of such member, or subject to the approval of the supreme chief ranger, to such other beneficiary as may be permitted by the laws of the province, State or country in which the member resides at the time of making the designation of the beneficiary or beneficiaries."

Defendant Paulina V. Frise in her answer and cross-bill charged that, at the time the petition for the change of beneficiary was executed by the insured, he was incompetent, by reason of his physical and mental condition, to intelligently perform any act affecting his insurance, and it was further charged

that the execution of said paper was brought about by the exercise of undue influence upon the insured.

After a full hearing in the circuit court, it was there determined that the petition for change of beneficiaries was executed by the insured understandingly and without the exercise of undue influence. In this court those questions are eliminated by the stipulation of counsel; the only point to be determined being the legal effect of an undisputed act of the insured performed while mentally competent and without undue influence. It is conceded by counsel for Paulina V. Frise that the insured followed all of the requirements of the complainant order relative to a change of beneficiaries down to and including No. 2 of the rules quoted *supra*. Form No. 14 was used by the insured; it was properly executed; the changes required were fully and clearly set forth; and they were in conformity with section 4, subsection 5. The fee of 50 cents required by subsection B of section 1 was paid. The policy was surrendered to his local court by the insured, as required by subsection C of section 1. The proper officials of the local court duly certified to the application and affixed the seal of the court, and transmitted the same to the supreme court, together with the policy or benefit certificate of the insured as required by section 2. This was all done on the evening of the 3d day of April, 1913. The insured died early in the morning of the 4th day of April, 1913, and while his application and policy were on their way to the head office of the complainant order in Toronto, where they were received some time on the 5th of April, nearly two days after the death of the insured.

It is conceded that the supreme ranger or executive council has not acted upon the application for a change of beneficiaries as required by section 3 of the rules above quoted. The whole question involved is

whether, under these circumstances, the change of beneficiaries became operative.

It is the claim of the appellant Paulina V. Frise, that the application for a change of beneficiary never became operative, for the reason that the insured died before said application reached the head office and before the supreme officers of the order had an opportunity to act upon it as required by rule 3, above cited. It is contended that the insured made the United States mail his agent for the transmission of said request for a change of beneficiary, and that his death before the same was delivered at the head office of the complainant prevented the request from becoming operative; that immediately upon the death of the insured the rights of the original beneficiaries became vested. In support of the position taken by this appellant, the following cases are cited, among others: *Knights of Maccabees* v. *Sackett,* 34 Mont. 357 (86 Pac. 423, 115 Am. St. Rep. 532) ; *Fink* v. *Fink,* 171 N. Y. 616 (64 N. E. 506) ; *Daniels* v. *Pratt,* 143 Mass. 216 (10 N. E. 166) ; *Gordon* v. *Gordon,* 117 Ill. App. 91.

On behalf of the defendant Olivia Frise it is contended, on the other hand, that, the insured having followed the rules of the complainant order in making his request for a change of beneficiaries, and having done everything required by said order to entitle him to the benefit of said change, a court of equity will regard that done which should have been done and give effect to his act. The exact point has never been determined in this court. A leading case, however (*Supreme Conclave, Royal Adelphia* v. *Cappella* [C. C.], 41 Fed. 1), determined by the late Mr. Justice Brown while judge of the circuit court of the United States for the eastern district of Michigan, discusses the question at large. It is there said:

"The general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions. * * * (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued"—citing *National Association* v. *Kirgin*, 28 Mo. App. 80; *Mayer* v. *Association*, 49 Hun (N. Y.), 336 (2 N. Y. Supp. 79) ; *Supreme Lodge* v. *Nairn*, 60 Mich. 44 (26 N. W. 826) ; *Kepler* v. *Supreme Lodge*, 45 Hun (N. Y.), 274.

In the case of *Supreme Lodge, Knights of Honor* v. *Nairn*, 60 Mich. 44 (26 N. W. 826), a designation changing the beneficiary in an insurance policy was held to be ineffective; the insured in that case having left the policy, with the new designation, in a sealed envelope, to be opened only after his death. It was, however, there said:

"It is possible—and we need not consider under what circumstances—that when a member has executed and delivered to the reporter his attested surrender, in favor of a competent beneficiary, his death, before a new certificate is rendered, may leave his power of designation so far executed as to enable a court of equity to relieve against the accident. But in the present case the facts show conclusively that Traver did not mean to have any surrender made until after his death. Nairn was not authorized to open the envelope or handle any of the papers while Traver lived, and Traver retained complete control of them. No one was authorized, while he lived, to take any steps to complete a surrender."

The facts in the case at bar show conclusively that it was the desire of the insured to have the change of beneficiary become operative at once and during his lifetime, and that he did everything required of him

by the rules of the complainant order to bring about that result.

In the case of *Grand Lodge A. O. U. W.* v. *Child,* 70 Mich. 163 (38 N. W. 1), it is said:

"He [the insured] undertook and did all that he could, and all that he was required in equity to do, to change the donee in the certificate named to that of his son. The rules of the order allowed him to do this, and it was not in the discretion of the order to prevent it. It was a right, under the rules of the order, of which he could not be deprived, upon his complying with the conditions prescribed for such action, and which he performed so far as it was in his power to perform; and for these reasons it would be most unjust and inequitable for a court to disregard such action and such intention of the deceased before he died, and award his property to the claimant, who had forfeited all claim to his bounty, and whom he had discarded. * * * Mr. Child did all he could do in making the change, and it should have been allowed and done by the order.

"Equity will consider that done which ought to have been done. For the purpose of determining the rights between these defendants, the proceeding is governed by equitable principles."

Where the member has done all that he is required to do, and only formal ministerial acts on the part of the society remain to be done in order to complete the change, and the member dies before performance thereof, a court of equity will protect the rights of the intended beneficiary. See cases cited 29 Cyc. p. 134, note 65. See, also, *Ancient Order of Gleaners* v. *Bury,* 165 Mich. 1 (130 N. W. 191, 34 L. R. A. [N. S.] 277).

In the instant case it is apparent that, had the insured lived, the supreme officials of the complainant order could not have refused to change the beneficiary in his policy as requested by him; he having complied with all the legal requirements of the order, and the

beneficiaries named by him belonging to a class not prohibited.

Albert H. Frise, administrator of the estate of Olivia Frise, deceased, appeals from so much of the decree rendered below as provides that no costs will be awarded to or against either of the defendants. It is appellant's contention that Olivia Frise should have been awarded costs against defendant Paulina V. Frise in the circuit court. We are disposed to the view that the learned circuit judge properly determined that question in his court. In this court, however, cross-appellant Albert H. Frise, administrator, will recover costs against the defendant Paulina V. Frise.

The decree of the circuit court will stand affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.