Argued April 2, reversed and decree rendered April 16, rehearing denied May 21, 1918.

## UNITED ARTISANS *v.* CRONISE.*

(172 Pac. 109.)

**Equity—Insurance—Mutual Benefit Insurance—Change of Beneficiary—Equity Maxims.**

1. The by-laws of a fraternal organization provided that any member might change the beneficiary by written request to the secretary of his assembly signed in the presence of the local secretary or two witnesses, which request with the certificate was to be forwarded to the supreme secretary, who should issue a new certificate, forward it to the local secretary, to go into effect at noon on the date issued by the supreme secretary. A member mailed written request on April 27th to local secretary, designating his wife as beneficiary instead of children by a former marriage. The request should have reached the local secretary on the following day, and the supreme assembly by April 29th, but the local secretary did not receive it until May 1st, and it did not reach the supreme secretary until May 3d. Assured died on May 2d. *Held,* that equity will consider that done which ought to have been done, and the new beneficiary was entitled to recover on the certificate.

[As to acts sufficient to effectuate change of beneficiary in benefit policy, see note in Ann. Cas. 1914D, 1126.]

**Insurance—Change of Beneficiary—Fraud.**

2. In an interpleader suit to determine the right to receive the benefit on a fraternal certificate wherein the beneficiary had been changed, the evidence *held* not to show that such change was brought about by fraud and undue influence by the new beneficiary.

---

*On effect of death of assured before contemplated change of beneficiary is complete, see notes in 34 **L. R. A.** (N. S.) 277; **L. R. A.** 1915A, 580.                                       REPORTER.

From Linn: WILLIAM GALLOWAY, Judge.

Department 2.

This is a suit of interpleader filed by the United Artisan Lodge, a fraternal and benevolent organization, for the purpose of determining the ownership of the $1,900 insurance due upon the life of Harry H. Cronise. A benefit certificate for $2,000 was first issued to him by plaintiff on May 4, 1896. The money was paid into court. The defendant, Elizabeth F. Cronise, the surviving widow of the insured made proof of loss and claimed the insurance money, and the defendants, Harry Kratz Cronise and Mabel Cronise Laughlin, children of the deceased assured by his first wife, also claimed the insurance money as beneficiaries named in the benefit certificate and plaintiff asked that the court determine the ownership thereof. Defendant, Elizabeth F. Cronise, claims this money upon the grounds:

(1) That soon after the marriage of Harry H. Cronise, a contract was entered into wherein he promised and agreed to make his wife, Elizabeth F. Cronise, beneficiary of his policy if she would make him beneficiary in her policy of the same lodge; that this contract was carried out by both parties as agreed; that Harry H. Cronise therefore became bound by such contract and Elizabeth F. Cronise acquired a vested interest in his policy and therefore the contract should be specifically enforced and the money paid to Elizabeth F. Cronise.

(2) That where the by-laws require certain things to be done and performed by the assured in designating a change of beneficiary in his policy, and the assured before death has performed each and all of said conditions, but the clerical act of making the change has not

yet been performed by the insuring lodge, then equity will consider that as done which ought to be done and declare the change as having been actually made.

Harry Kratz Cronise and Mabel Cronise Laughlin, the defendant children by the first wife, claim that the change of the beneficiary was invalid and rely upon the by-laws which state that "the new benefit certificate shall go into effect at 12 o'clock noon on the date issued by the Supreme Secretary," and upon the proposition that the request of Harry H. Cronise to have his policy changed was not acted upon by the lodge until after his death. The respondents deny that the alleged contract set up by the appellant was ever made or consummated. They claim the fund as beneficiaries under the benefit certificate outstanding at the time of their father's death. They also allege and claim that fraud and undue influence were exercised.

The by-laws provide in Section 75:

"Any member may change the beneficiary or beneficiaries named in his certificate, by returning his certificate to the Secretary of his Assembly with a written request to have the certificate canceled and a new certificate issued, naming some other person or persons designated in such request, and not excluded by the laws. Such member shall pay a fee of $1.00 for the new certificate. Such request must be signed in the presence of the local Secretary or a Supreme officer or a notary public or two persons who shall sign such request as witnesses. The Secretary shall send the returned certificate and request to the Supreme Secretary, accompanied by the fee of $1.00. The Supreme Secretary shall thereupon issue a new certificate in compliance with such request and forward it to the Secretary of the Subordinate Assembly, to be delivered to the member. The new benefit certificate shall go into effect at 12 o'clock, noon, on the date issued by the Supreme Secretary."

The trial court found for the children by the first wife and decreed that the money be paid to them by the clerk of the court.   An appeal is taken therefrom.

REVERSED.   DECREE RENDERED.

For defendant and appellant  Elizabeth F. Cronise there was a brief over the names of *Messrs. Weatherford & Weatherford* and *Mr. E. F. Bailey,* with an oral argument by *Mr. James K. Weatherford.*

For plaintiff and respondent there was a brief submitted over the name of *Mr. William Maurice Hudson.*

For defendants and respondents Harry Kratz Cronise and Mabel Cronise Laughlin, there was a brief over the name of *Messrs. Hewitt & Sox,* with an oral argument by *Mr. Carlton E. Sox.*

BEAN, J.—1. We will first consider the effect of the transfer of the benefit certificate or change of beneficiary.  It appears without conflict that Harry H. Cronise did make the written  request on Thursday, April 27, 1916, to have the certificate canceled and a new one issued which he forwarded by mail upon the same date to his local secretary and paid the fee of one dollar; that the request was signed in the presence of two persons who signed as witnesses.  The assured died on May 2, 1916.  The request, as per form printed on the back of the certificate, was in conformity with the by-laws.  With the certificate and fee it was mailed at Lyons, Oregon, addressed to the secretary of  the local assembly at Corvallis.  In due course of the mail it should have reached Corvallis on April 27th, the date of its mailing, and have been delivered not later than the morning of April 28th, on which day it should have been forwarded to the supreme assembly at Portland

and acted upon by April 29th of that year. The local
secretary states that he did not get this certificate until
May 1st; that he forwarded it as requested on May 2d.
It appears that he was busy with other matters at that
time. The same was received by the Supreme Lodge
in Portland and a new certificate issued on May 3d,
naming Elizabeth F. Cronise as beneficiary therein.

It must be conceded that the assured, Harry H.
Cronise, did all in his power and all that the by-laws
of the order required him to do in order to change the
beneficiary. This was done in ample time so that in
the ordinary course of business the requested change
could have been made, and his wife, Elizabeth F. Cro-
nise, substituted as beneficiary in the benefit certificate
before the time of his demise.

When the assured has pursued the course prescribed
by the laws of the association and has done all that he
can possibly do to change the beneficiary and a suffi-
cient time has elapsed for a new certificate to be issued
in the ordinary course of business, but before the new
certificate is actually issued he dies, a court of equity
will consider that done which ought to have been done
and act as though the new certificate had been issued
before the death of the assured. Nothing done by
the society after the death of the member can affect the
right of a beneficiary: 14 R. C. L., § 556; 19 Cyc. 133b;
1 Bacon Ben. Soc. etc., § 309; *Independent Order of
Foresters* v. *Keliher,* 36 Or. 501, 507 (59 Pac. 324, 1109,
60 Pac. 563, 78 Am. St. Rep. 785); *Stringham* v. *Dillon,*
42 Or. 63, 70 (69 Pac. 1020); *Supreme Conclave, Royal
Adelphia* v. *Cappella,* 41 Fed. 1. This latter case is the
leading one around which many opinions center. See
also: *Jory* v. *Supreme Council American Legion of
Honor,* 105 Cal. 20 (38 Pac. 524, 45 Am. St. Rep. 17, 26
L. R. A. 733); *Lahey* v. *Lahey,* 174 N. Y. 146 (66 N. E.

670, 95 Am. St. Rep. 554, 61 L. R. A. 791); *Voigt* v. *Kersten*, 164 Ill. 314 (45 N. E. 543, 545); *Marsh* v. *Supreme Council American Legion of Honor*, 149 Mass. 512 (21 N. E. 1070, 1072, 4 L. R. A. 382); *Modern Brotherhood of America* v. *Matkovitch*, 56 Ind. App. 8 (104 N. E. 795, 797); *Isgrigg* v. *Schooley*, 125 Ind. 94 (25 N. E. 151, 153); *Wintergerst* v. *Court of Honor*, 185 Mo. App. 173 (170 S. W. 346, 352). In *Independent Order of Foresters* v. *Keliher*, 36 Or. 501 (59 Pac. 324, 1109, 60 Pac. 563, 79 Am. St. Rep. 785), it is stated that the general rule that in order to make a change of the beneficiary in such a benefit certificate the insured is bound to make such change in the manner pointed out in the policy and by-laws of the association, is subject to three exceptions, the third of which is as follows:

"If the assured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued."

The case at bar comes squarely within this exception. The rule is also stated to the same effect in 14 R. C. L., page 1392, Section 556:

"While it is true as a general rule, as stated in the preceding paragraph, that a change in beneficiaries cannot be made except by a substantial compliance with the regulations of the society, yet courts of equity recognize exceptions to this general principle. Equity does not demand impossible things, and will consider as done that which should have been done, and, when a member has complied with all the requirements of the rules for the purpose of making a substitution of beneficiaries within his power, he has done all that a court of equity demands."

. There was a strict compliance on the part of the member with all the requirements of the rules of the assembly directing the manner of making a change of the recipient of the benevolent fund.   Mrs. Cronise was a competent beneficiary to be named.   There are no counter equities for us to consider.

In order to effect such a change it is for the member to file the request with the secretary of his assembly and return to him the old certificate with the fee of $1. This the member did and the same was received by the secretary the day before the death of the insured.   He was not required to send the application to the head office as is sometimes the case.   Nothing remained for the insured to do to effect the desired change.   The issuance of the new certificate was a ministerial act: *Supreme Court I. O. F.* v. *Frise,* 183 Mich. 186 (150 N. W. 110).

Prior to the death of the member the beneficiary named in the certificate had no vested interest in it. Up to that time. the assured had the privilege of changing his designation of beneficiary at will, even against the consent of such beneficiary: *Supreme Conclave, Royal Adelphia* v. *Cappella,* 41 Fed. 1.   That the request for the change was made in conformity with the requirements of the order is evidenced by the fact that a new certificate was actually issued by the regular officer of the Supreme Assembly on May 3, 1916, before the death of the assured was known to them.   It is contended, however, that as the by-laws of the assembly specify that when such a change is made the new certificate shall take effect at 12 o'clock M. of the day upon which the certificate is issued, the rule announced in the above authorities is not applicable.   If we should apply the principle that equity will decree that to be done which ought to have been done and consider the

new certificate as issued prior to the death of the assured, say on the 30th day of April, 1916, then it would follow that the same took effect at 12 o'clock M. of that day. In other words, "the greater includes the less." The mandate that the certificate be deemed to have been issued and delivered at the time when in the natural course of things it should have been issued, is for the very purpose of giving effect to the instrument at that time. A minor detail should not thwart the main purpose of an honest endeavor to change the beneficiary: *Luhrs* v. *Luhrs,* 123 N. Y. 367 (25 N. E. 388, 20 Am. St. Rep. 754, 9 L. R. A. 534); *Bishop* v. *Grand Lodge,* 112 N. Y. 627 (20 N. E. 562). It is held that a substantial compliance with the rules and regulations of such a society will suffice to change the name of the beneficiary: *McGowan* v. *Supreme Court I. O. F.,* 104 Wis. 173 (80 N. W. 603).

The by-laws of an association like the United Artisans are made for the special protection of the society. When the association deposited in court the $1,900 due upon the benefit certificate its rights were fully protected. A slightly different question is raised where the interests of such a benevolent insurer are involved. We have examined the authorities cited by the learned counsel for respondents not referred to above. For the most part they relate to cases which come within the general rule and not within the exception noted herein. We find no expression of opinion contrary to the principle invoked embodied in the exception to the general rule. The question is usually one of application. Where the facts are like or of similar import to those in the case at bar we find no refusal to apply the equitable rule.

2. It is claimed by the defendants who are the stepchildren of Elizabeth F. Cronise that the wife and step-

mother exercised fraud and undue influence to obtain the change of the benefit certificate in her favor. A careful analysis of the evidence fails to discover a substantiation of the claim. The decedent, Harry H. Cronise, and Elizabeth F. Cronise, were married in 1908. Both had children by a former marriage. Mr. Cronise was usually employed by a railroad company. For some time prior to his last illness he was ticket agent for the Corvallis & Eastern Railway Company at Lyons, Oregon. Necessity compelled him to be away from the home which was owned by Mrs. Cronise at Albany. For months and sometimes for a year or two she would be with her husband, making a somewhat temporary home with him and boarding at hotels. At other times she would remain at Albany where the husband usually returned at the end of the week. When he was suffering with his last ailment Mrs. Cronise went to Lyons and cared for him and also transacted the business in his stead for the railroad company. While the testimony shows that the position of a stepmother may differ from that of an own parent it plainly indicates that at all times Mrs. Cronise was a dutiful and affectionate wife and was so esteemed by her husband. The change made in the certificate was a natural and proper one. Mrs. Cronise had some time prior thereto made provision for her husband to be the recipient of a like bounty in the event of her death taking place first. At the time of the transfer Harry H. Cronise was perfectly capable of transacting any business. He was a competent, experienced man of affairs and fully understood the matter and intended to make the change in the instrument. Our view upon the question of the change of the beneficiary renders it unnecessary to consider the other claims made by the widow. It follows that the decree of the lower court

must be reversed and one entered here declaring Mrs. Elizabeth F. Cronise the beneficiary named in the benefit certificate issued to Harry H. Cronise and entitled to the sum of money due thereon which was deposited in the lower court by the benevolent society.   It is so ordered.

REVERSED.   DECREE RENDERED.   REHEARING DENIED.

McBRIDE, C. J., HARRIS and McCAMANT, JJ., concur.