# GERTRUDE RYAN, Respondent, v. WOMAN'S BENE-FIT ASSOCIATION OF THE MACCABEES, Appellants.

### In The Kansas City Court Of Appeals.    November 7, 1921.

1. INSURANCE: Vested Right: Beneficiary has no Vested Interest In Benefit Certificate before Death of Insured. In view of section 6422, Revised Statutes 1919, the beneficiary in a benefit certificate has no vested interest therein before the death of the member on whose account it was issued, even though the beneficiary paid the member's dues, but has only an expectancy which may be defeated by the member changing the beneficiary.

2. ———: Insurer not Permitted to Commute Benefit Certificate by, Contract with insured in Violation of its Own By-laws and Laws Under Which it is Doing Business. Where the benefit certificate was not a disability policy, and contained a provision for a withdrawal, but was a contract of straight life insurance to be paid only upon the death of the insured, and the eldest daughter of insured was keeping up the payments on the certificate in consideration of being sole beneficiary, insured had no interest in the fund, for the payment of the certificate and could only designate a beneficiary, and section 6406, Revised Statutes 1919, as to surrender in case of disability insurance did not authorize insurer to pay half the face of the benefit certificate to the insured for surrender and release of certificate.

3. ———: Fraternal Benefit Society Commuting Insurance Certificate into Cash, cannot Claim Benefit of Statute. Where a fraternal benefit society, in consideration of the release of its liability to insured paid her one-half the amount of her life insurance certificate, the transaction was a commutation of the policy to cash so that the society could not claim the benefit of section 6433, Revised Satutes 1919, declaring that no contract between the member and beneficiary shall give the latter a vested right in the insurance or deprive the member of the right to change the beneficiary or revoke the certificate.

4. ———: Statute Declaring no Contract Between Member and Bene-ficiary, Shall give Latter Vested Right in Insurance, or Deprive Member of Right to Change Beneficiary. or Revoke Certificate, Held, Inapplicable to Commutation of Policy. Section 6433, Revised Statutes 1919, declaring that no contract between the member and

beneficiary shall give the latter a vested right in the insurance or deprive the member of the right to change the beneficiary, or revoke the certificate, is inapplicable, where the member in consideration of a cash payment, executed a release of the society's liability, as such commutation of the policy into cash, did not change the beneficiary nor revoke the certificate.

5. ———: Although Beneficiary had no Vested Interest in Insurance which was Revoked was Entitled to Recover Amount Expended in Payment of Insured's Dues. Where a beneficiary under a fraternal benefit certificate paid the dues of the insured, until her death, but the certificate was revoked and the society released by the insured, from liability, in consideration of a cash payment made shortly prior to insured's death, beneficiary is entitled to equitable relief, at least to the extent of being reimbursed for the money she expended, even though beneficiary, under section 6433, Revised Statutes 1919, had no vested interest in the insurance, she had an expectancy, and the society's act in voluntarily, unlawfully and knowingly defeating plaintiff's expectancy was *malum per se.*

6. APPEAL AND ERROR: Pleading: Departure from Cause of Action Alleged in Petition Considered Waived on Appeal Where no Demurrer or Motion to Strike Petition was Filed. That the case, as it finally developed, could not arise on plaintiff's reply cannot be raised for first time in appellate court, where no demurrer to or motion to strike the petition was filed, the issue being joined on the pleadings as they stood and the case submitted so that if there was any departure it was thus waived.

7. PLEADINGS: In a Suit on Insurance Certificate, the Right of Beneficiary to Recover Dues Paid by Her May be Raised by Reply. Under sections 1233 and 1235, Revised Statutes 1919, the issue as to whether beneficiary under a fraternal benefit certificate, who paid the dues of the insured could recover the amount so paid, though the certificate had been revoked by insured, and the society released from liability may be raised in the reply to the society's answer setting up such facts, though full recovery of the amount of the certificate was prayed in the petition; the whole controversy being thereby simplified and settled in one action.

Appeal from Circuit Court of Buchanan County.—
*Hon. L. A..Vories,* Judge.


AFFIRMED.


*Randolph & Randolph* and *Harding, Deatherage, Murphy & Stinson* for appellant.

*Mytton & Parkinson* and *J. W. McKnight* for respondent.

TRIMBLE, P. J.—From and after April, 1899, Sarah A. Jones held a $2000 fraternal insurance policy (called a benefit certificate), issued by defendant, with insured's children named thereon as beneficiaries, among whom was the plaintiff, insured's eldest daughter. Becoming unable to keep up the payments on the policy, insured agreed with plaintiff that if the latter would keep them up, insured would make plaintiff sole beneficiary and would not thereafter change the beneficiary. Pursuant to that agreement, Mrs. Jones, on October 2, 1903, exchanged the policy for a similar one for $2000 in which plaintiff was named as sole beneficiary. This new policy was delivered to plaintiff by insured and plaintiff there - after paid the dues and rates necessary to keep the insurance in force as hereinafter stated. On May, 27, 1910, for some reason not clearly disclosed by the record, insured exchanged this policy for a similar one of a like amount, and this in turn was, on February 12, 1916, exchanged for another in the same amount. These policies, when issued, were delivered by insured to plaintiff and in them she was named as sole beneficiary, each policy being held by her until it was exchanged for the succeeding one, and the last, the one dated February 12, 1916, being held by plaintiff until insured's death on March 8, 1918, and up to the bringing of this suit.

On September 10, 1917, when insured was more than 70 years of age, and shortly before her death which occurred, as stated, on March 8, 1918, insured, without plaintiff's knowledge or consent, and in consideration of the sum of $1000 paid her by defendant, executed a purported release and discharge of defendant's liability by reason of the policy, and stated in said so-called release that she thereby surrendered the benefit certificate and terminated her membership as a benefit member but retained her social membership in the defendant associa-

tion. The policy being in plaintiff's possession, it was not returned to the defendant along with the so-called release. As heretofore stated, plaintiff, from and after her agreement with insured, made all the payments within the proper time up until defendant refused to further accept payments under the policy on the ground that it "was cancelled and adjustment made" by the payment of the $1000 to insured, and the execution of the aforesaid release. Thereafter plaintiff regularly tendered all payments called for by the policy up to the date of insured's death.

The record clearly discloses that the defendant's home office was notified as early as November, 1916, that plaintiff was paying insured's rates; that during the long period plaintiff was paying the dues and rates on said policy the secretary of the local lodge was aware of the situation, and there was a sharp correspondence between this local officer and the head office relative to the proposed settlement with insured, the local officer requesting the head office, nearly a year before the settlement was made, not to make a settlement but to investigate before doing so. So that, it is clear the defendant settled with insured and paid her the $1000 to obtain a release and discharge of the policy, with full knowledge of plaintiff's having paid the dues and rates under her agreement with insured; and this the court so found as recited in its finding and judgment.

The question involved in this litigation, as it now stands, is whether plaintiff has any equitable rights, under the particular circumstances of this case, which entitle her to recover the dues and rates she paid on said policy pursuant to her agreement with insured. The suit began with a petition which was a straight suit on the policy to recover the full amount thereof. The answer, however, pleaded the necessary facts to show that defendant was a fraternal beneficiary association organized under the laws of Michigan and licensed to do business in Missouri; and, after admitting the issuance of the policy,

the answer set up the payment of said $1000 to insured whereby she released defendant and terminated her membership as a benefit member. The answer further alleged that the monthly dues on the policy were not paid after the release whereby insured was in suspension and the policy was therefore null and void at the time of Mrs. Jones's death.

The reply set up the payment of the dues by plaintiff as hereinbefore set forth, and that all the facts were well-known to defendant; that the policy was a whole life policy payable out of the defendant's benefit fund and only upon the death of the insured; that the same was a trust fund for the payment of such policies as were issued in accordance with defendant's charter, by-laws and contract of insurance; that the policy contained no provision for its payment or settlement until the death of the insured; and that the pretended settlement by defendant with insured was *ultra vires* and void and beyond the powers of the company to make. The reply further set up that the pretended settlement, with knowledge of the facts, was a fraud upon the plaintiff and that the defendant ought not, in equity and good conscience, to be heard to deny liability. The reply further pleaded that defendant accepted dues and rates paid by plaintiff after the date of the pretended settlement and was therefore estopped to deny liability on that account.

The court in its decree found the facts as hereinabove set forth, and found that in September, 1917, defendant paid said $1000 to insured, with full knowledge of all the facts, and in an attempted deforcement of plaintiff's rights, that the dues and rates so paid by plaintiff amounted to the sum of $930, and then rendered judgment against defendant for that amount, and defendant appealed.

As stated in appellant's brief, "there is little, if any, dispute over the facts." The question is whether or not plaintiff is equitably entitled to the dues and assessments she paid, which the parties admitted amounted to the sum of $930.

The policy contained the usual provisions to the effect that insured was bound by the laws of the order and that they should be the basis of the contract; also, that in accordance with and subject to the provisions thereof defendant would pay $2000 out of its benefit fund to plaintiff after satisfactory proof of death and surrender of the certificate, provided said insured was "in good standing in the association at the time of her death and provided also that this certificate shall not have been surrendered, cancelled or annulled."

Section 368 of the By-laws provided that any transfer of a benefit certificate or any interest therein, by assignment, to secure indebtedness or otherwise, or any disposition by will or in any other manner except as thereinafter provided should be void.

Section 369 provided that "no beneficiary shall have any vested interest in any benefit certificate before its maturity by death, but the member shall have the right, at any time, to designate other beneficiaries in accordance with these laws, and to change the mode of payment of benefits.

Section 259 provided that every member and every person deriving benefits from such member should be bound by the laws of the association, and the rights and interests of every member and those of her beneficiary should be determined by the laws, rules and regulations in force at the time of the disability or death of such member; and all certificates issued by the association should be subjct to such regulations, as to amounts, terms, conditions of payment, and contingencies in which the same are payable as the laws of the association may from time to time provide.

In addition to the foregoing, section 6433, Revised Statutes 1919, first enacted in 1897, see Session Acts 1897, p. 135, provides that:

"No contract between a member and his beneficiary, that the beneficiary, or any person for him, shall pay such member's assessments and dues, or either of them, shall give the beneficiary a vested right in the benefit

certificate, or in the benefit, or deprive the member of the right to change the beneficiary, or revoke the certificate, if any, issued by the association: Provided, that such change or revocation be done by written or printed notice to the association in the manner and form provided by its by-laws.''

It is true, the beneficiary in a benefit certificate has no vested interest therein before the death of the member on whose account it was issued; such beneficiary has only an expectancy which may be defeated by the member changing the beneficiary. [14 R. C. L., secs. 545, 554, pp. 1376, 1388.] And, in this State at least, this is not affected by the fact that the beneficiary has paid the dues. [Masonic, etc., Ass'n. v. Bunch, 109 Mo. 560; Supreme Council, etc., v. Heitzman, 140 Mo. App. 105; Supreme Tent, etc., Maccabees v. Altman, 134 Mo. App. 363.] Certainly this is true in this case where the benefit certificate is governed by sections 368 and 369 of the by-laws and by section 6433 of the statutes. For though, in the absence of a statute, a member might otherwise estop himself from changing the beneficiary or from revoking, cancelling or terminating the insurance, yet this could be prevented by a statute applicable to the situation. But although this be true, does it deprive plaintiff of any and all equitable relief whatever under the circumstances of this case?

Here the member did not change the beneficiary, nor did she revoke the certificate. She claimed under it and accepted $1000 from the defendant in commutation thereof. This is what was actually done whatever the forms with which it was attempted to be clothed.

Now, the benefit certificate was a contract a straight life insurance to be paid only upon the death of the insured. It was not a disability policy and contained no provision for a withdrawal equity. While the by-laws of defendant provide for disability insurance, yet this policy did not come within that department nor was any rate paid for that kind of insurance. The payment of the $1000 to the member, Mrs. Jones, and the obtention of

the so-called release was not through the usual and uniform operation of the laws governing the insurance contract and to which she was entitled thereunder, but was granted by *special action* of defendant's governing body. This, together with the further fact that the commutation of this whole life policy to cash, and the payment thereof to the member during her life, was so wholly outside the terms of the insurance contract and was not supported by the payment of any rates for disability insurance, entirely disposes of defendant's claim that it was not shown that the commutation of the policy was unauthorized by the charter and by-laws of the company. The insured, therefore, had no interest in the fund and could only designate a beneficiary.

It is well settled that fraternal beneficiary associations can perform only those acts which are authorized by their charter and the laws under which they are permitted to operate; and where the exercise of a power has been regulated by statute it must be exercised in the way directed. [19 R. C. L., 1302; 1 Bacon on Benefit Societies (4 Ed.), p. 81, sec. 53; State ex rel. v. Vandiver, 213 Mo. 187; Ordelheide v. Modern Brotherhood of America, 268 Mo. 339; McPike v. Supreme Ruling, etc., Mystic Circle, 187 Mo. App. 679.] Section 6406, Revised Statutes 1919 (originally section 10, Act of 1911, p. 287), provides that "no member or beneficiary shall have or acquire individual rights therein (in the funds) or become entitled to any apportionment or the surrender of any part thereof, except as provided in subsection 2 of section 6402 (originally subsection 2 of section 6 of the 1911 Act). But, as we have stated, this benefit certificate did not come within that exception. Mrs. Jones, under the contract of insurance, had no property or interest in the benefit. Her interest terminated with her power to designate the person to receive it and she could claim no right to any part of the fund from the defendant. [1 Bacon (4 Ed.), pp. 602, 605; Ables v. Ackley, 133 Mo. App. 594, 603; Masonic, etc., Ass'n v. Bunch, 109 Mo. 560, 579.] So that the payment of said $1000 to the member while

living, and the obtaining of the so-called release and surrender of the policy, and was unauthorized and illegal act. Moreover it was an·act voluntarily done by the defendant which it could not have been compelled to do, and responsibility, if responsibility exists anywhere, should therefore rest with it, since what it did was done with full knowledge of the facts; and it was solely because of its action that there was any modfication or change made in the relation between defendant and the insured.

Again, the payment of the $1000 and obtention of the so-called release being in fact a commutation of the policy into cash, made the transaction one of regular insurance, regardless of the fact that by its internal organization defendant is a fraternal society; and, in a transaction which is in fact one of regular or old line insurance, such society has not the right to claim the exemption or benefits accorded to fraternal societies. [Ordelheide v. Modern Brotherhood, 268 Mo. 339; Herberg v. Modern Brotherhood, 110 Mo. App. 328; Bondurant v. Brotherhood of Am. Yeoman, 199 S. W. 424.]

If this be true, then defendant cannot claim the benefit of section 6433 which declares that no contract between the member and beneficiary shall give the latter a vested right in the insurance or deprive the member of the right to change the beneficiary or revoke the certificate. But whether this be correct or not, the statute by its terms is not applicable to this case, since the member did not change the beneficiary nor revoke the certificate. Whatever else may have been its purpose, the statute was not intended to enable a fraternal benefit society, after receiving dues and assessments for a long period of time under a member's certificate and then, when the·member is old and about to die, cut its obligation, soon to mature, half in two by commuting its policy to cash in violation of its own by-laws and the laws under which it is permitted to do business. The contention that the beneficiary has no vested interest in the insurance before the death of the member does

not, in our view of the matter, shut out plaintiff from any and all right to equitable relief under the circumstances of this case. Her rights granted to her by the judgment herein were not given her before the death of the member nor are they based upon any vested right to the insurance under the policy. She did not have any such vested right; all she had was an expectancy, but that was not born of a mere bare hope, it grew out of the fact that she was paying the expenses which kept the insurance alive and the expectancy in existence as well as benefitting the defendant. The contingency which the statute preserved to the number *never was exercised* by the member. Neither the statute nor the society forbade the plaintiff paying her mother's dues. So that plaintiff's expectancy was not merely based on thin air, and was one which would have ripened into a reality upon the death of her mother, had it not been for the intervention of an act which neither the mother nor the defendant had a right to do, and which the defendant could not have been compelled to do, which it voluntarily did with full knowledge of all the facts, thereby saving for itself one-half of the liability which otherwise was soon to accrue. This was an *ultra vires* act of the defendant which resulted injurously to the plaintiff and as she has done nothing to estop herself, it would seem that she would have the right in equity to the relief granted by the judgment herein. Such a right to have her expectancy continue and ripen into fruition, unless defeated by a lawful contingency, was a right which equity and good conscience will recognize at least to the extent granted by the judgment herein. For there are rights growing out of expectancies, potentialities and even contingent possibilities that equity will recognize and redress. [3 Pomeroy on Equity (4 Ed.), secs. 1286, 1287.

The act of the defendant in thus voluntarily, unlawfully and knowingly defeating plaintiff's expectancy was *malum per se* and a wrong to plaintiff which equity will redress at least to the extent that she has suffered in the expenditure of the money she has paid, which, in

this case, does not equal the amount the defendant has saved by its unlawful act. [14a C. J., 337; Cass County v. Mercantile, etc., Ins. Co., 188 Mo. 1, 14; St. Louis Drug Co. v. Robinson, 81 Mo. 18; Cason v. Owens, 100 Ga. 142.]

In Grand Lodge, etc., v. McFadden, 213 Mo. 269, it was held that although insured's wife had no agreement with reference to the payment of assessments and that even if she had, she obtained no vested interest in the insurance fund which could estop her husband from changing the beneficiary, yet "on principles of equity" she should be reimbursed out of the fund for the money she expended. It is true this case was between two claiming beneficiaries and was before the Act of 1897, but it shows that she had an equitable right entitling her to some relief. [See, also, on this point Sovereign Camp v. Downing, 201 S. W. 951; Protective League v. Downing, 202 S. W. 290; Masonic, etc., Ass'n v. Bunch, 109 Mo. 560, 581.] And as hereinbefore stated, we do not understand that the effect of the Act of 1897 (Sec. 6344, R. S. 1919) is to deprive plaintiff of any and every equitable right she may have when the insurance is defeated through the unlawful act of the defendant.

Some point seems to be made that the case, as it finally developed, could not arise on the reply. No demurrer was filed, nor motion to strike, but issue was joined on the pleading as they stood and the case submitted. If there was any departure, it was thus waived. [Herf, etc., Chemical Co. v. Lackawanna Line, 100 Mo. App. 164, 178; Bowles v. Quincey, etc., R. Co., 187 S. W. 131.] Under sections 1233 and 1235, Revised Statutes 1919, the method of procedure herein is justified, since the whole controversy is simplified and settled in one action. [Martin v. Turnbaugh, 153 Mo. 172, 186; Courtney v. Blackwell, 150 Mo. 245.]

The judgment is affirmed. All concur.