Argued October 23, 1930; reversed March 24; rehearing denied
June 2, 1931

# McCLEERY *v.* WOODMEN OF THE WORLD ET AL.
## (297 P. 345, 299 P. 1004)

*Guy L. Wallace,* of Portland (Roscoe P. Hurst, of Portland, on the brief), for appellant.

*Robert R. Rankin,* of Portland, for respondents.

BEAN, C. J. The complaint alleges, in substance, as follows: On March 13, 1926, Charles E. Young, a member of the Woodmen of the World, a benevolent and fraternal corporation, was the holder of a benefit certificate in the Woodmen of the World, in the amount of $3,000. At that time Young made an offer in writing to the plaintiff D. W. McCleery, a stepson of Young,

that if McCleery would keep up the dues and assessments and would agree to pay the benevolent and fraternal corporation the sum of $5.50 every two months, so long as Young should live, he would cause the certificate, in so far as the beneficiary named therein was concerned, to be changed so that the payment of the $3,000, provided to be paid by the corporation on the certificate, upon the death of Young, would be as follows: to Winifred A. Steele, the amount of $1,000, and to plaintiff D. W. McCleery, the sum of $2,000, and that Young would not make any other change of beneficiaries so long as he lived. Plaintiff McCleery, about April 2, 1926, accepted the offer of Charles E. Young, in writing, and immediately commenced the performance of the contract; thereafter, about May 25, 1926, pursuant to the written offer and acceptance, Charles E. Young caused the benefit certificate in the Woodmen of the World to be changed so that on his death the same was payable as follows: $1,000 to Winifred A. Steele and $2,000 to plaintiff McCleery, and the change in his benefit certificate was accepted by the defendant Woodmen of the World. About April 7, 1927, without the knowledge or consent of plaintiff, Young disregarded the terms of the agreement entered into and to be kept by him, and, for the purpose of defrauding plaintiff McCleery of the valuable rights he had acquired in the certificate, caused the benefit certificate to be changed so as to be payable on his death, as follows: $2,900 to defendant Winifred A. Steele and $100 to plaintiff McCleery. On March 16, 1928, Charles E. Young died in good standing in said benevolent and fraternal association. Thereupon plaintiff became the owner and entitled to the possession of the sum of $2,000 represented by the benefit certificate under the change thereof made by Charles E. Young and accepted

by the benevolent and fraternal association, pursuant to the terms and conditions of the written agreement entered into between Young and McCleery. Plaintiff McCleery kept and performed all of the conditions of the agreement mentioned on his part to be kept and performed.

Subsequent to the institution of this suit, defendant Woodmen of the World paid into the hands of the clerk of the circuit court the sum of $3,000, and was discharged from all further liability by reason thereof.

Defendant Winifred A. Steele filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer being sustained, plaintiff was given five days within which to further plead, which he failed to do, and the circuit court entered a judgment and decree in the suit in favor of defendant Steele for the sum of $2,900, and for the plaintiff McCleery for the sum of $100, and further provided that the defendants Woodmen of the World and Winifred A. Steele have judgment against plaintiff for costs and disbursements. Error is predicated on the court sustaining the demurrer of the defendant Winifred A. Steele.

Section 46-706, Oregon Code 1930, provides as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, father in law, mother in law, son in law, daughter in law, sister in law, brother in law, stepfather, stepmother, stepchildren, stepsister, stepbrother, children by legal adoption, adopting parents, or to a person or persons dependent upon the member, or to an incorporated charitable institution or association. Within the above restrictions, each member shall have the right to designate his beneficiary or beneficiaries and from time to time have the same

changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its law, limit the scope of beneficiaries within the above classes;   *   *   *''

This section places no restriction upon the member contracting concerning his benefit certificate. It gives the assured the freest control over his certificate and the avails thereof, consistent with the existing law and the rules and bylaws of the Woodmen of the World, unless he has estopped himself by a contract.

The general rule in regard to such matters is stated in 45 C. J. 196, § 155. By the weight of authority, if there is nothing to the contrary in the statutes or the society's charter or laws or in the certificate of insurance, the beneficiary originally designated has no vested interest in the contract, even when he has possession of the certificate. Hence the member ordinarily may, at his pleasure, designate a new beneficiary and thus defeat the original beneficiary's contingent right to the benefits. In the same work, page 199, § 161, an exception to the general rule referred to is found, in substance, as follows: Apart from the limitations imposed by statute or the laws of the society, and even though such laws authorize a change of beneficiaries, equities may exist in favor of the original beneficiary which will preclude the member from substituting a new beneficiary, who has no equity superior to that of the person originally designated, as where his status is that of a mere volunteer and not that of a bona fide purchaser. An equity in favor of the original beneficiary precluding the substitution of another in his place may rest on a contract between him and the mem-

ber, (in the present case between Young and McCleery) based on a sufficient consideration, by which he is to receive the benefits, unless such contracts are prohibited by statute, or the rules of the society, and in accordance with this rule if a member designates a beneficiary, or having designated a beneficiary, delivers the certificate to him on an agreement that he shall receive the benefits in consideration of advances or in consideration of his promise to pay dues and assessments, which promise is fulfilled, the member can not substitute a different person as beneficiary.

■■ The plaintiff was eligible to be named a beneficiary under the statute quoted, being a stepson of the member, Charles E. Young. There is nothing in the statute restricting Young from making the contract and naming McCleery as the beneficiary in the benefit certificate. The complaint alleges a contract between McCleery and Young, the member, based upon the consideration that McCleery should pay the dues and assessments so long as young should live. There is nothing inequitable or unfair in regard to the contract. It is both for the protection of the interests of the member in the benefit certificate and also of the other beneficiary that the dues and assessments should be kept paid. In so far as it appears in the record, there is no prohibition against the member making such a contract or changing the beneficiary in his certificate. The statute providing that ''no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member,'' does not preclude the making of the contract mentioned. The beneficiary named in the certificate, D. W. McCleery, did not have a vested interest in the benefit until the death of Young. His rights, after the contract was made and performed up

to and until the death of Young, were in the nature of a potential or contingent interest. He had an expectancy or equitable interest in the benefit certificate: 8 Words and Phrases, 7303. See also *Ryan v. Woman's Ben. Ass'n of Maccabees,* 209 Mo. App. 515 (237 S. W. 224); *Wist v. Grand Lodge A. O. U. W.,* 22 Or. 271, 277, 278 (29 P. 610, 29 Am. St. Rep. 603); *United Artisans v. Cronise,* 88 Or. 602, 608 (172 P. 109, L. R. A. 1918D, 1131).

■ Such equitable right of McCleery should be recognized and protected. The member Young was estopped from changing the beneficiaries' interest in the certificate in violation of his contract. See Bacon's Life and Accident Insurance, (4th Ed.) § 403. We quote part of that section:

"In these cases it is not held that, under the contract, the beneficiary has acquired a vested right, but the member has parted with a right which he otherwise might have exercised."

The same principles would apply in making a change of the amount of the benefit to be paid to the beneficiary McCleery from $2,000 to $100, as if an entire change of the beneficiary had been made.

By making the contract with McCleery and the written designation of plaintiff as beneficiary, and the performance of the contract by McCleery, the assured, Charles E. Young, thereby lost all power given him, either under the law or bylaws of the defendant Woodmen of the World, to make a subsequent change as to beneficiaries. In 7 Cooley's Briefs on Insurance, (2d Ed.) p. 6432, it is said:

"Generally, it may be said that, if sound equities exist in favor of the original beneficiary of an insurance certificate, the insured is estopped to substitute a second beneficiary, whose status is purely that of a

volunteer (*Jory v. Supreme Council, A. L. H.,* 105 Cal. 20, 38 P. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733). * * * the right of the member to change the certificate at will is limited by the equitable right acquired by the beneficiary.''

In *Columbian Circle v. Mudra,* 298 Ill. 599 (132 N. E. 213, 18 A. L. R. 378), at page 381, we find the following:

"If there was an agreement between the assured and appellee that she should receive a beneficial interest in the certificate of insurance upon and by reason of payments by her of the premiums, dues, or assessments, such contract was binding on the assured, and deprived him of the right to change the beneficiary without appellee's consent.''

In *Brett v. Warnick,* 44 Or. 511 (75 P. 1061, 102 Am. St. Rep. 639), the language used by Mr. Justice Wolverton is instructive, as follows:

"So, if a member, by valid contract, assumes to dispose of his interest in the beneficial fund of the order, virtually the proceeds of the certificate of insurance, and agrees not to change the beneficiary, in consideration of the payment by the beneficiary of all dues and assessments against such member, if not in conflict with the lawful conditions upon which the order grants the insurance, it is effectual as against the subsequent attempt of the member to annul it: *Clarke v. Police Ins. Board,* 123 Cal. 24 (55 P. 576). The doctrine appeals to us as reasonable and sound.''

See also *Freitas v. Freitas,* 31 Cal. App. 16 (159 P. 611); *Jory v. Supreme Council,* 105 Cal. 20 (38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17).

The plaintiff D. W. McCleery, according to the allegations of the complaint, which must be taken as true on the demurrer, acquired an equitable right to the $2,000 secured by the benefit certificate. The insured

member could not defeat that right by any act of his. The defendant Winifred A. Steele is a mere volunteer of the benificiary, possessing no equities in the premises. She cannot deny the right of the plaintiff.

There is no restriction in our law against the assured contracting with the beneficiary regarding the benefit under the certificate. Our statute differs in that respect from the statute of Missouri: *McKeon v. Ehringer,* 48 Ind. App. 226 (95 N. E. 604); *Freitas v. Freitas,* supra; *Jory v. Supreme Council,* supra, are cases very much in point.

■■ The facts in this case are set forth in the complaint. It is for the court to determine upon the demurrer whether these facts entitle the plaintiff to relief. We do not think that the regular rules in regard to estoppel apply. This is a suit in equity and the reason that the complaint does not state the facts in the form of a plea in estoppel would not preclude plaintiff from establishing his right. In *Carlyle v. Sloan,* 44 Or. 357, at page 369 (75 P. 217), we find the following:

"And, finally, it is said that estoppel is not pleaded. The facts are set out in the complaint, and the failure to allege that by reason thereof the defendants are estopped * * * is not fatal after trial. Equity is not governed by such technical rules. Where facts which entitle the plaintiff to the relief sought are set out in the complaint and are sustained by the testimony, the relief will, after answer and trial, be granted, notwithstanding the complaint may lack some of the requisites of a technical pleading." Citing *McCall v. Porter,* 42 Or. 49 (70 P. 820, 71 P. 976).

■■ The issue which a plea of estoppel presents is not to determine the truth or validity of the particular facts pleaded, but the right and power of the party to insist upon them. The plea of estoppel denies the right

of action or defense by denying the right to assert the facts: 21 C. J. 1247, § 258. However, there is an exception to the general rule that an estoppel which is a part of the title need not be pleaded in order to give evidence in regard thereto: 21 C. J. 1246, § 256. The written contract set out in the complaint is the basis of plaintiff's suit. If the matter constituting an estoppel is apparent on the face of the pleadings, it need not be specially pleaded to be available: 21 C. J. 1245, § 254; *Oregonian R. Co. v. Oregon R., etc., Co.,* 22 Fed. 245 (10 Sawy. 464) ; *Rosenthal v. Chicago Bd. of Education,* 270 Ill. 380 (110 N. E. 579) ; *Crawford v. Nolan,* 70 Iowa 97 (30 N. W. 32). The facts constituting the so-called estoppel claimed by plaintiff are plainly set forth in the complaint.

To sustain the demurrer interposed in this suit by defendant Steele would, in our opinion, necessitate reading into the statute a prohibition against the right of a member in a mutual benefit society contracting with another for the payment of dues and assessments.

Since the Woodmen of the World paid the amount provided for in the benefit certificate into court, it is unnecessary to consider whether the complaint states a cause of suit against that defendant.

■ The contract made by Charles E. Young with plaintiff D. W. McCleery, making the change in the amounts to be paid to the beneficiaries in the certificate, bound Young and so also the defendant Winifred A. Steele, who might be termed privy to the contract.

As the case now stands, under the allegations of the complaint, plaintiff D. W. McCleery is entitled to $2,000, and defendant Winifred A. Steele to $1,000 of the fund involved. Each beneficiary should pay their own costs.

The judgment of the circuit court sustaining the demurrer must be reversed and the cause will be remanded for such further proceedings as may be deemed necessary, not inconsistent herewith.

It is so ordered.

BROWN and BELT, JJ., concur.

---

Petition for rehearing denied June 2, 1931

ON PETITION FOR REHEARING
(299 P. 1004)

BEAN, C. J. Counsel for defendant Winifred A. Steele, in an earnest petition for rehearing, contends that the decision reached by the court in the former opinion is not supported by authorities. This declaration ignores the authorities cited in our former opinion, and upon the main question, as far as we discover, fails to discuss them.

Among other authorities, upon the pivotal question in the case, is cited 45 C. J., p. 199, § 161, which deals with the right of a member of a mutual benefit association to contract with a beneficiary for an advancement of money to the member or for the payment of dues and assessments by a beneficiary, so that the member would be precluded, upon a compliance with the terms of the contract, from afterwards changing the beneficiary.

Counsel criticizes the mention of "equitable interest" in connection with "expectancy" in defining the right of McCleery, the beneficiary. The only necessity for a definition of the right of McCleery, as a beneficiary, is to show that he did not have or obtain a "vested interest," so as to come within the inhibition contained in section 46-706, Oregon Code 1930, which

provides that "no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member." We, therefore, considered whether the claim of McCleery, by virtue of his contract with Young, the member, was a vested interest. Counsel, in a portion of his brief, seems to agree with the court that it was an expectancy. As we view it, the definition is not material to the determination of the case, except to show that it is not a "vested interest." As an excuse for referring to "equitable interest" we again refer to 7 Cooley's Briefs on Insurance, (2d Ed.) p. 6432, referred to in our former opinion, where a portion of the language reads as follows:

"Generally, it may be said that, if sound equities exist in favor of the original beneficiary of an insurance certificate, the insured is estopped to substitute a second beneficiary, whose status is purely that of a volunteer. * * * [Citing authorities.] * * * the right of the member to change the certificate at will is limited by the equitable right acquired by the beneficiary."

The writer is inclined to the belief that the contract right of McCleery with Young to pay the dues and assessments may be described either as an "expectancy," or a "contingency," or as an "inchoate interest." However we pass this definition, except for the purpose of showing that the right, conferred by the contract prior to the death of the member Young, was not a vested right, and the contract was, therefore, not repugnant to the statute referred to.

"A right is 'vested' when there is an ascertained person with a present right to present or future enjoyment; it is 'expectant' when it depends on the continuation of existing circumstances, such as the right of an heir to inherit, provided he survives his ancestor and

the ancestor dies seized and intestate; and finally, a right is 'contingent' when it depends on the performance of some condition or the happening of some event before some other event or condition happens or is performed": 6 R. C. L., p. 308, § 294.

■ As applied to the present case, prior to the death of the member Young, the right of the beneficiary McCleery was expectant, as it depended on the continuation of existing circumstances, to wit: the payment of the assessments in order to keep the benefit certificate in good standing and also depended upon the death of the member. The right of McCleery prior to the death of Charles E. Young was contingent, as it depended upon the performance of a condition, namely, the payment of the assessments and the keeping of the benefit certificate in force before and until the death of the member.

■ The right of the beneficiary to the fund or benefit is not a vested right within the meaning of section 46-706, Oregon Code 1930, until after the death of the member. A vested right "is an immediate, fixed right of present or future enjoyment; a right perfect in itself, and which is not dependent upon a contignecy": 40 Cyc. 199; 12 C. J. 955, § 485. The right or interest of McCleery in the benefit fund did not become vested or perfected until after the death of Young, but was dependent upon the payment of the assessments.

A careful examination of the textbooks and cases cited in our former opinion, and some authorities since examined, convince us that it is settled law, where a beneficiary makes a binding contract with a member, based upon a sufficient consideration, namely, the payment of dues and assessments so long as the member lives, by which such beneficiary is to receive a certain

portion of the benefits and the contract is carried out in full by the beneficiary, the member, in this case Young, cannot substitute a different person as beneficiary for that portion of the benefit which he has contracted shall be paid to the contractee upon the death of the member.

We conclude that the contract made between McCleery and Young, the member, was not for a vested interest in the benefit prior to the death of Young, within the provision of the statute, and was not prohibited by the statute.

No rule of the Wodmen of the World is suggested, with which such a contract would conflict.

The petition for rehearing is denied.

BROWN and BELT, JJ., concur.