WESLEY MCLEAN, APPELLEE, v. FIDELITY LIFE ASSOCIATION: J. BERNARD MCDERMOTT ET AL., APPELLANTS.

298 N. W. 700

FILED JUNE 13, 1941. No. 31052.

*Amos Thomas* and *Harold A. Moore,* for appellants.

*Rosewater, Mecham, Shackelford & Stoehr* and *Charles E. O'Brien, contra.*

*Rainey T. Wells, amicus curiæ.*

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

SPEAR, District Judge.

In 1931 Wesley McLean, appellee, was married to Kathryn McDermott. He was 56 years old and she was about 52 or 53. Shortly after the marriage Mrs. McLean brought up the question of life insurance. At that time he had a certificate in the Maccabees and she had a certificate in the Fidelity Life Association, defendant in this case. A mutual agreement was entered into by which Mr. McLean agreed

to make her the beneficiary of $1,000 under his certificate and she agreed to make him the beneficiary to the amount of $1,000 under her certificate. This agreement necessitated changes in beneficiaries, which both duly made in accordance with the requirements of their respective societies, so that Mr. McLean was a beneficiary for $1,000 under her certificate and she was a beneficiary for $1,000 under his certificate. Times grew hard and business poor. The Mc-Leans moved from one place to another trying new businesses until eventually Mr. McLean had to take a job selling from house to house in Omaha and Mrs. McLean went to live with a daughter in Omaha, Mr. McLean occupying a room at another location with his step-son. Shortly thereafter Mrs. McLean died. At the time of her death she remained the beneficiary under his certificate in the Maccabees, but after her death he discovered that she, a few months before her death, had substituted her son, by a former marriage, J. Bernard McDermott, her daughter, by a former marriage, Winifred Bradley, and her grandchild, June Walden, as beneficiaries. McLean demanded the proceeds of the certificate, and the Fidelity Life Association, defendant, interpleaded in the district court asking the court to decide to whom the money should be paid, and deposited the money in court. The issues were then made up and the case proceeded to trial. The district court found in favor of appellee. In this court the appellants do not dispute that the equities are in favor of the appellee, but, together with Woodmen of the World Life Insurance Society, *amicus curiæ,* contend that the case is governed by part of section 44-1237, Comp. St. Supp. 1939, which reads as follows:

"Each member shall have the right to designate the beneficiaries and from time to time have the same changed in accordance with the laws, rules, or regulations of the society and no beneficiary shall have or obtain any vested interest in such benefit until the same has become due and payable upon the death of such member."

It is contended that McLean, under this statute, has no right to the proceeds of the certificate which belonged to

his wife. On the other hand, appellee contends that, in equity, McLean having retained Mrs. McLean as beneficiary in his certificate and having paid the dues thereon until the time of her death, is entitled to the proceeds of her certificate. Learned and forceful arguments were made on both sides of this question, but we think that perhaps the respective arguments can be epitomized in two cases: The arguments of the appellant and of *amicus curiæ* in the case of *Sovereign Camp, W. O. W., v. Russell*, 214 Ia. 39, 241 N. W. 395, and the contention of the appellee in the case of *McCleery v. Woodmen of the World*, 136 Or. 407, 297 Pac. 345. The Iowa case holds that no equitable rule can be applied in dealing with the statutes covering a fraternal beneficiary society. The Oregon court holds that, if sound equities exist in favor of the original beneficiary of an insurance certificate, the insured is estopped to substitute a second beneficiary, whose status is purely that of a volunteer. Iowa and Oregon have statutes identical with the Nebraska statute quoted above. We are called upon to interpret the Nebraska statute. The Iowa court seems to assume that the word "vested" includes all interests, both legal and equitable. The Oregon court does not concede this to be true and makes some distinctions between "vested" interests and an interest such as is now before us, but, on a rehearing of the case, refused to base its decision entirely upon those interpretations, choosing to place its decision upon equitable grounds. We do not care to attempt to make a technical distinction between "vested" rights and rights such as have accrued in this case. It seems to us that the philosophy expressed in the Oregon case is the correct view. The equities are overwhelmingly in favor of appellee. The appellants are mere volunteers. The defendant Fidelity Life Association makes no contest. The contract before us is not prohibited by statute, nor the rules of the society. We do not hold that McLean acquired a vested right, but we do hold that under the circumstances Mrs. McLean, in equity, parted with a right which she might otherwise have exercised. This is not to say that McLean had a vested

right either by contract or in equity which precluded Mrs. McLean from making a change in beneficiaries during her lifetime. She had this right under the statutes, but in equity she should have notified McLean, so that he, too, could have changed beneficiaries, had he so chosen. She accepted the benefits under his policy and clandestinely deprived him of the benefits of hers. The money is in the hands of a court of equity. Appellants would have this court read into the statute a provision that under no conditions in law or in equity shall the proceeds of a certificate be paid to any person other than the named beneficiary. This view seems to seek to extend the provisions of the statute. Regardless of speculation as to what the legislature meant by the statute quoted above, we think that it surely did not intend to require an equity court to make an inequitable distribution of funds in the hands of the court. We believe that, in this case, there being no superior equities, the judgment of the district court in awarding the proceeds of the policy to appellee is right.

AFFIRMED.